UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************

| | | |
|---|---|---|
| TWANYA PRESLEY, et al | * | CIVIL ACTION |
| | * | |
| | * | No: 3:02CV2157(AVC) |
| Plaintiffs, | * | |
| v. | * | |
| PEPPERIDGE FARM, INC., a subsidiary of THE CAMPBELL SOUP COMPANY, THE CAMPBELL SOUP COMPANY and ROBERT AROCHO, Individually | * | AUGUST 25, 2003 |
| Defendants. | * | |

*******************************

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
<u>**DIRECTED TO PLAINTIFF TWANYA PRESLEY**</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendants **PEPPERIDGE FARM, INC., THE CAMPBELL SOUP COMPANY and ROBERT AROCHO** ("Pepperidge Farm"), hereby request that the plaintiff, **TWANYA PRESLEY** produce the documents designated below or provide them for inspection and copying by the undersigned at a mutually agreeable date, time, and place within thirty (30) days of the date of service hereof.

Pursuant to paragraph (b) of Rule 34 of the Federal Rules of Civil Procedure, plaintiff is hereby further requested to serve a written response to these requests within thirty (30) days of service.

I.   **INSTRUCTIONS**

   A.   The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). The term "DOCUMENT" includes, but is not limited to, the following: writings, drawings, graphs, charts, photographs, videotapes, tape recordings and other phonorecords, electronic communications and other date compilations from which information can be obtained. A draft or non-identical copy is a separate document withing the meaning of this term.

   Should you withhold any **DOCUMENT** or part thereof on the basis of a claim of privilege or other protection against disclosure, you must provide the following information with respect to each **DOCUMENT** withheld:

   1. The basis upon which the privilege is claimed;

   2. The identity of the person(s) who authored or produced the **DOCUMENT**;

   3. The identity of the person(s) to whom the **DOCUMENT** was directed;

   4. The identity of each person to whom copies of the **DOCUMENT** were furnished;

   5. The substance of the **DOCUMENT** with sufficient particularity to enable the court and the parties hereto to identify the **DOCUMENT**;

   6. The identity of the person(s) who has possession or custody of, or control over, the **DOCUMENT**; and

   7. Whether any non-privileged matter is included in the **DOCUMENT**.

   B.   The definitions and rules of construction for discovery requests set forth in Local Rule 39 apply. See especially the definition of the term "**CONCERNING**".

C.  The term "**COMPLAINT**" is defined as the Plaintiffs' Complaint filed on or about December 6, 2002.

## II.  PRODUCTION REQUESTS

1.  Any and all documents that support or relate to your claims of damages in this case.

**RESPONSE:** **See attached documents re; wages. Reports and/or notes from Dr. Force have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.**

2.  Copies of your W-2 Forms and tax returns, including but not limited to, federal and state income tax returns and W-2 Forms, for the years 1995 through the present.

**RESPONSE:** **See attached documents re; wages.**

3.  Any and all documents relating to or referring to any attempts made by you to obtain other employment during your employment with Pepperidge Farm, or since March 2002, to the present, including, but not limited to employment applications, resumes, correspondence, notes, memoranda and documents from any prospective employers from whom employment was sought or regarding interviews, applications, offers of employment, and rejections of applications for employment.

**RESPONSE:** **See attached documents.**

4.  Any and all documents that evidence, relate, or otherwise pertain to any and all employment of you by any employer or self-employment or other means of support ("employment") or efforts or attempts by you to seek or obtain such employment from March 2002 to the present, including, but not limited to, documents relating to employment status, rate

of pay, earnings, benefits, benefit statements, offers of benefits to be paid (in whole or in part) or provided by the employer(s) regardless of whether those benefits were actually obtained, evaluations of job performance, discipline, reprimands, warnings, complaints and/or grievances, advertisements, resumes, employment applications, correspondence, notes, memoranda, offers of employment, and rejection of offers of employment.

**RESPONSE:** **See attached employment related documents.**

5. Any and all documents removed from Pepperidge Farm by you or anyone else on your behalf.

**RESPONSE:** **N/A.**

6. Any and all documents: (a) given to or received from the State of Connecticut Unemployment Compensation Commission, the Workers' Compensation Commission, the Connecticut Commission on Human Rights and Opportunities, the Equal Employment Opportunity Commission, or any other local, state or federal agency, office, department or official on or since March 2002; or (b) constituting, discussing or otherwise pertaining in any way to said documents which in either case, relate or pertain in any manner to your employment with Pepperidge Farm.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

7. Any and all documents that constitute, evidence, relate or otherwise pertain to notes or other writings made you or anyone on your behalf, that relate in any manner to your

employment with Pepperidge Farm or to any and all matters encompassed by the Complaint.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

8. Any and all diaries and/or business or personal calendars and/or journals and/or appointment books or the like kept or possessed or maintained by, or on behalf of you from the commencement of your employment with Pepperidge Farm to the present.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

9. Any and all documents that in any way discuss, relate, refer or otherwise pertain to the terms, benefits and conditions of your employment with Pepperidge Farm.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

10. Any and all documents that in any way evidence, relate, or otherwise pertain to any and all employment of you by any employer, or self-employment prior to your employment by Pepperidge Farm, including but not limited to, documents relating to the names and addresses of each employer, dates of employment, resumes, applications for employment, rate of pay, earnings and benefits, job titles, job assignments, job descriptions, promotions, job performance or evaluations thereof, reprimands, warnings, disciplinary actions, complaints, grievances, separation from employment, circumstances surrounding removal, resignation, termination, or

other separation from employment, and letters of reference.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

11. Any and all documents that refer or relate to any communication(s) that you have had with any person concerning: (a) the fact that you are suing Pepperidge Farm; or (b) your claim or belief that Pepperidge Farm has engaged in any unlawful conduct.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

12. Any and all documents that in any way discuss, relate, or otherwise pertain to any other lawsuits filed by you, or filed by others on your behalf, or any complaints, charges or grievances made by you, or made by others on your behalf, against any person.

**RESPONSE:** **Plaintiff, Twanya Presley, filed a CHRO/EEOC complaint relative to this matter. In addition, this plaintiff also maintained a workers' compensation claim against the defendant Pepperidge Farms for which any documents related to these two (2) matters is already in the possession of the Defendants.**

13. Any and all documents that you exchanged with any present or former Pepperidge Farm employee or any other person regarding this lawsuit, any other lawsuit, or the issues raised in the Complaint.

**RESPONSE:** **See attached Affidavit of Juan Martinez.**

14. Any and all documents that in ay way discuss, relate to, or otherwise support the allegations contained in your Complaint in this action.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession.**

15. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 21 of your Complaint that a term or condition of your employment was that you would continue to be "gainfully employed and potentially promoted" if you performed the duties and responsibilities of your job in a satisfactory manner.

**RESPONSE:** **N/A other than Pepperidge Farms' employee handbook produced to Plaintiffs on August 7, 2003.**

16. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 22 of your Complaint that you performed your duties satisfactorily.

**RESPONSE:** **Said documents are already in the possession of the Defendants.**

17. Any all documents that in any way discuss, relate, or otherwise support your allegations in paragraph 24 of your Complaint that you were subjected to a "sexually hostile or offensive environment in the workplace."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

18. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 24 of your Complaint that the allegedly sexually hostile or offensive workplace environment was "created, permitted or maintained by Pepperidge, Campbell and their agent(s) or employee(s)."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

19. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 25 of your Complaint that you were subjected to "conduct constituting sexual harassment, intimidation and threatening, distressing, hostile and discriminatory conduct by Pepperidge, Campbell and their agents(s) or employee(s)."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

20. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 26 of your Complaint that "[s]ubmission to such conduct was made either explicitly or implicitly a term or condition of your employment, or submission to or rejection of such conduct was used as the basis for adverse decisions

affecting [your] employment, or such conduct had a purpose or effect of substantially interfering with [your] work performance or creating a hostile or offensive environment in the workplace."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

21.     Any and all documents that in any way discuss, relate, or otherwise support your allegations that beginning in mid-July 2000, Roberto Arocho began approaching you and stating that were "extremely attractive" and "maintained pretty hair" and physically touched your hands.

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

22.     Any and all documents that in any way discuss, relate, or otherwise support your allegations that beginning in mid-July 2000, Arocho summoned you to his office and told you that you had "nice legs" and "soft skin" and touched your arm.

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

23.     Any and all documents that in ay way discuss, relate, or otherwise support your allegations that Arocho told you that if she made a complaint regarding Arocho's alleged conduct, "nobody at Pepperidge's Human Resources Department would assist [you] because they were mad at [you] for pursuing a compensation claim."

**RESPONSE:** **Other than those documents already submitted to the**

>  CHRO/EEOC and in the Defendants's possession, please see
>  Affidavit of Juan Martinez attached hereto.

24. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on or about August 3, 2001, Arocho approached you and stated that he noticed that you were frequently in the company of other males and that you could 'make a lot of money with [your] looks."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

25. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on August 3, 2001, Arocho summoned you to his office on the pre-textual basis that certain documents needed your immediate attention.

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

26. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you informed a co-worker of Arocho's alleged pre-textual summoning of you to his office and requested that the co-worker escort you to Arocho's office.

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

27. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on August 3, 2001, Arocho locked you in his office with him and grabbed his genital area and asked you "so Twanya, you don't want none of this?"

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

28. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on August3, 2001, a co-worker unlocked the office that you and Arocho were allegedly in with a key, 'prompting the termination of this specific encounter."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

29. Any and all documents that in any way discuss, relate, or otherwise support your allegations that during the afternoon of August 3, 2001, you confided in co-workers regarding Arocho's alleged harassment of you.

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

30. Any and all documents that in any way discuss, relate, or otherwise support your allegations that from August 3, 2001 through August 15, 2001, Arocho would gaze at you in a 'menacing and flirtatious manner."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

31. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on August 15, 2001, Arocho requested to see you in private and told you that "53 people could go to Human Resources and complain about [him] and nothing would ever happen to [him]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

32. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on August 15, 2001, Arocho grabbed and/or rubbed your shoulders and then walked away with a menacing smile."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

33. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on or about August 15, 2001, you were in fear for your employment and your overall safety.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. However, to the extent that Reports and/or notes from Dr. Force apply to this request for production, the same have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.**

34. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho gave you a negative recommendation for an internal promotion that you were seeking.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

35. Any and all documents that in any way discuss, relate, or otherwise support your allegations that in August 2001, you were performing all of your duties satisfactorily.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

36. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you informed Vanessa Diggs of the "entire chronology of abusive behavior [you] had been exposed to at the hand of Roberto Arocho."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

37. Any and all documents that in ay way discuss, relate, or otherwise support your allegations regarding the complaint that you made to Pepperidge's Human Resources Department on or about September 4, 2001.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

38. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho during the investigation by Pepperidge's Human Resources Department, Arocho 'denied any wrongdoing" and that Arocho 'received a warning."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

39. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Maritza Sanchez 'discourage, deterred, and dissuaded' you from pursuing any further complaints regarding Arocho.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

40. Any and all documents that in any way discuss, relate, or otherwise support your allegations that approximately two weeks after your complaint to Human Resources, you were directed to "work along side Arocho."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

41. Any and all documents that in any way discuss, relate, or otherwise support your allegations that your 'pleas to management to re-assign [you] elsewhere were ignored and [your] fears of further harassment from Arocho dismissed."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

42. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Human Resources ultimately 'intervened and provided [you] with a temporary re-assignment elsewhere in the company's plant."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

43. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on December 7, 2001, you were at work on time, but Arocho docked for being tardy for work.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

44. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on or about December 7, 2001, Arocho forced you to fill out a daily time sheet accounting for you whereabouts in the plant at all times, and that no other employee was required to do this.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

45. Any and all documents that in any way discuss, relate, or otherwise support your allegations that on or about March 2002, you resigned from your position at Pepperidge because of the alleged 'intimidating, offensive, threatening, harassing, distressing, and discriminatory environment which prevailed at Pepperidge."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**