46. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the alleged 'intimidating, offensive, threatening, harassing, distressing, and discriminatory environment which prevailed at Pepperidge" was condoned by the corporate defendants.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

47. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho's spouse threatened you with physical violence.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

48. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were constructively discharged from Pepperidge.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez. However, to the extent that Reports and/or notes from Dr. Force apply to this request for production, the same have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.**

49. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the Group Leader who allegedly informed you that Arocho's spouse threatened you, 'chose to relay the threat to [you] rather than immediately report the same to Human Resources."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

50. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the alleged 'intimidating, offensive, threatening, harassing, distressing, and discriminatory conduct' continued after you complained to Human Resources.

**RESPONSE:** N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez. However, to the extent that Reports and/or notes from Dr. Force apply to this request for production, the same have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.

51. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were denied equal terms and conditions of employment on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U..C. Section 2000e, et seq.

**RESPONSE:** N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.

52. Any and all documents that in any way discuss, relate, or otherwise support your allegations that all defendants interfered with, discourage or prevented you from exercising your right to make a complaint and take appropriate legal action to protect your rights and well being, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. And Conn. Gen. Stat. § 46a-60(a)(8).

**RESPONSE:** N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.

53. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you "were forced to seek employment elsewhere ans suffered the loss of [your] employment, wages, employee benefits and social security benefits."

**RESPONSE:** **See, attached documents pertaining to wage information.**

54. Any and all documents that in any way discuss, relate, or otherwise support your claim of mental/emotional distress including records and reports of or authorizations to obtain records and reports of mental health care providers, doctors, psychologists, therapists and counselors.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez. However, to the extent that Reports and/or notes from Dr. Force apply to this request for production, the same have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.**

55. Any and all documents that in any way discuss or relate to any treatment or advice you sought or received from any medical provider relating to any injuries or pain you alleged in the Complaint you have suffered, including any documents you sent to or received from any health care provider or institution and any records and reports of or authorizations to obtain records and reports of mental health care providers, doctors, psychologist, therapists and counselors.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez. However, to the extent that Reports and/or notes from Dr. Force apply to this request for production, the same have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.**

56. Any and all documents that in any way discuss, relate, or otherwise support your allegations that all defendants intentionally denied you equal terms and conditions of employment on the basis of sex, or acted with malice or reckless indifference to rights secured to you, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

57. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were sexually harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. Section 2000e, et seq. And Conn. Gen. Stat. § 46a-60(a)(8).

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

58. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were subjected to a 'hostile workplace which substantially interfered with [your] ability to perform [your] job and which denied [you] equal terms and conditions of employment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. Section 2000e, et seq.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

59. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were retaliated against for your complaints of sexual harassment, discrimination and hostile workplace.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

60. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Pepperidge failed to post notices of employee's rights and complaint procedure as required by Connecticut Statutes.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

61. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Pepperidge failed to implement or enforce their anti-sexual harassment policy.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

62. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were sexually assaulted and battered by Arocho.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

63. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho "knew or should have known that his acts and omissions...involved an unreasonable risk of causing emotional distress to [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

64. Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho "intended to inflict severe emotional distress to [you]".

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

65. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the actions of all defendants were "extreme and outrageous."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

66. Any and all documents that in any way discuss, relate, or otherwise support your allegations that defendants Pepperidge and Campbell 'knew or should have known that the conduct of Arocho...would involve an unreasonable risk of causing emotional distress to [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

67. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the defendants Pepperidge and Campbell 'intended to inflict severe emotional distress to [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

68. Any and all documents that in any way discuss, relate, or otherwise support your allegations that 'the defendants purposely conspired to deter, any further EEOC or CHRO investigation in this matter by filing a Verified Answer to said agencies which had the effect of falsifying the true facts which were garnered during defendants' internal investigation undertaken in response to [your] complaints."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

69. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the defendants conspired to create a false and misleading response to the EEOC and CHRO.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

70. Any and all photographs of yourself that you brought into work at Pepperidge Farm and which you showed to co-workers and/or your supervisor.

**RESPONSE:** **See attached photocopies of photographs.**

71. Any and all documents not otherwise identified or otherwise referred to herein that support or pertain in any way to the allegations in, or any and all other matters encompassed by, the Complaint.

**RESPONSE:** N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez. However, to the extent that Reports and/or notes from Dr. Force apply to this request for production, the same have been requested and should be forthcoming. The same will be disclosed as soon as it is received by plaintiff's counsel.

**NOTE TO COUNSEL:** *All responses provided in this First Set of Requests for Production are subject to the continuing duty to disclose. To the extent that additional information is forthcoming or being developed, said information will be promptly disclosed to all counsel of record provided said information or documents do not constitute privileged information or work product materials.*

PLAINTIFF
TWANYA PRESLEY

BY: _____

John I. Bolton

## CERTIFICATION

This is to certify that a copy of the foregoing was hand-delivered to a messenger sent by the law firm of Tyler, Cooper & Alcorn, LLP or 205 Church Street, New Haven, CT 06509-1910 this 25th day of August, 2003.

_____
John I. Bolton

## AUTHORIZATION TO DOCTOR

**TO WHOM IT MAY CONCERN:**

I, ___Twanya Presley___ hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, P.O. Box 1936, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all medical records and information, including x-rays and information relating to treatment for mental illness, drug abuse, or alcohol abuse, concerning me in your possession to be used in the litigation entitled <u>Twanya Presley, et al. v. Pepperidge Farm, Inc., et al.</u>, Civil Action No. 3:02CV2157 (AVC), and pending in the United States District Court for the District of Connecticut.

Photostatic copies of this authorization shall be valid as the original.

Signed at _____, this _____ day of _____, 2003.

_Twanya Presley_
Name

_72 Woodward Ave Norwalk, CT_
Address

_2/23/1972_
Date of Birth

_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_
Social Security Number

## AUTHORIZATION TO HOSPITAL

**TO WHOM IT MAY CONCERN:**

I, _____, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all medical records and information, including x-rays and information relating to treatment for mental illness, drug abuse, or alcohol abuse, concerning me in your possession to be used in the litigation entitled <u>Twanya Presley, et al. v. Pepperidge Farm, Inc., et al.</u>, Civil Action No. 3:02CV2157 (AVC), and pending in the United States District Court for the District of Connecticut.

Photostatic copies of this authorization shall be valid as the original.

Signed at _____, this _____ day of _____, 2003.

_____
Name  *Twanya Presley*

_____
Address  *72 Woodward Avenue Norwalk, CT*

_____
Date of Birth  *2/23/1972*

_____
Social Security Number  *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*

## AUTHORIZATION TO EMPLOYER

TO WHOM IT MAY CONCERN:

I, _Twanya Peesley_, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all information they may require concerning my wages, employment records, loss of wages and time lost from employment in your possession.

Photostatic copies of this authorization shall be valid as the original.

Signed at _____, Connecticut, this _____ day of _____, 2003.

_Twanya Presley_
Name

_72 Woodward Avenue Norwalk, CT_
Address

_2/23/1972_
Date of Birth

_[redacted]_
Social Security Number

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

John I. Bolton, Esquire
The Bolton Law Firm
360 Fairfield Avenue, Suite 200
Bridgeport, Connecticut  06604

on this 12th day of May 2003.

Patricia E. Reilly ct08352