UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*************************************

| | | |
|---|---|---|
| TWANYA PRESLEY, MARINA | * | CIVIL ACTION |
| | * | |
| | * | No: 3:02CV2157(AVC) |
| Plaintiffs, | * | |
| v. | * | |
| PEPPERIDGE FARM, INC., a subsidiary of THE CAMPBELL SOUP COMPANY, THE CAMPBELL SOUP COMPANY and ROBERT AROCHO, Individually | * | AUGUST 25, 2003 |
| Defendants. | * | |

*********************************

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**DIRECTED TO MARINA GIANNAKOVA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendants **PEPPERIDGE FARM, INC., THE CAMPBELL SOUP COMPANY and ROBERT AROCHO** ("Pepperidge Farm"), hereby request that the plaintiff, **MARINA GIANNAKOVA** produce the documents designated below or provide them for inspection and copying by the undersigned at a mutually agreeable date, time, and place within thirty (30) days of the date of service hereof.

Pursuant to paragraph (b) of Rule 34 of the Federal Rules of Civil Procedure, plaintiff is hereby further requested to serve a written response to these requests within thirty (30) days of service.

I. **INSTRUCTIONS**

A. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). The term "DOCUMENT" includes, but is not limited to, the following: writings, drawings, graphs, charts, photographs, videotapes, tape recordings and other phonorecords, electronic communications and other date compilations from which information can be obtained. A draft or non-identical copy is a separate document withing the meaning of this term.

Should you withhold any **DOCUMENT** or part thereof on the basis of a claim of privilege or other protection against disclosure, you must provide the following information with respect to each **DOCUMENT** withheld:

1. The basis upon which the privilege is claimed;

2. The identity of the person(s) who authored or produced the **DOCUMENT**;

3. The identity of the person(s) to whom the **DOCUMENT** was directed;

4. The identity of each person to whom copies of the **DOCUMENT** were furnished;

5. The substance of the **DOCUMENT** with sufficient particularity to enable the court and the parties hereto to identify the **DOCUMENT**;

6. The identity of the person(s) who has possession or custody of, or control over, the **DOCUMENT**; and

7. Whether any non-privileged matter is included in the **DOCUMENT**.

B. The definitions and rules of construction for discovery requests set forth in Local Rule 39 apply. See especially the definition of the term "**CONCERNING**".

C. The term "**COMPLAINT**" is defined as the Plaintiffs' Complaint filed on or about December 6, 2002.

## II. PRODUCTION REQUESTS

1. Any and all documents that support or relate to your claims of damages in this case.

**RESPONSE:** **See attached documents re; Dr. Heliotis; W-2 Forms**

2. Copies of your W-2 Forms and tax returns, including but not limited to, federal and state income tax returns and W-2 Forms, for the years 1995 through the present.

**RESPONSE:** **See attached documents**

3. Any and all documents relating to or referring to any attempts made by you to obtain other employment during your employment with Pepperidge Farm, or since March 2002, to the present, including, but not limited to employment applications, resumes, correspondence, notes, memoranda and documents from any prospective employers from whom employment was sought or regarding interviews, applications, offers of employment, and rejections of applications for employment.

**RESPONSE:** **See attached documents**

4. Any and all documents that evidence, relate, or otherwise pertain to and all employment of you by any employer or self-employment or other any means of support ("employment") or efforts or attempts by you to seek or obtain such

employment from March 2002 to the present, including, but not limited to, documents relating to employment status, rate of pay, earnings, benefits, benefit statements, offers of benefits to be paid (in whole or in part) or provided by the employer(s) regardless of whether those benefits were actually obtained, evaluations of job performance, discipline, reprimands, warnings, complaints and/or grievances, advertisements, resumes, employment applications, correspondence, notes, memoranda, offers of employment, and rejection of offers of employment.

**RESPONSE:**   **See attached documents from Victoria's Secret**


5.   Any and all documents removed from Pepperidge Farm by you or anyone else on your behalf.

**RESPONSE:**   **N/A**


6.   Any and all documents: (a) given to or received from the State of Connecticut Unemployment Compensation Commission, the Workers' Compensation Commission, the Connecticut Commission on Human Rights and Opportunities, the Equal Employment Opportunity Commission, or any other local, state or federal agency, office, department or official on or since March 2002; or (b) constituting, discussing or otherwise pertaining in any way to said documents which in either case, relate or pertain in any manner to your employment with Pepperidge Farm.

**RESPONSE:**   **See attached documents which represent all of the information presently in this plaintiff's possession.**

7. Any and all documents that constitute, evidence, relate or otherwise pertaining to notes or other writings made by you or anyone on your behalf, that relate in any manner to your employment with Pepperidge Farm or to any and all matters encompassed by the Complaint.

**RESPONSE:** **N/A**

8. Any and all diaries and/or business or personal calendars and/or journals and/or appointment books or the like kept or possessed or maintained by, or on behalf of you from the commencement of your employment with Pepperidge Farm to the present.

**RESPONSE:** **N/A**

9. Any and all documents that in any way discuss, relate, refer or otherwise pertain to the terms, benefits and conditions of your employment with Pepperidge Farm.

**RESPONSE:** **N/A other than any information already in defendant, Pepperidge Farms' possession or in plaintiff's personnel file.**

10. Any and all documents that in any way evidence, relate, or otherwise pertaining to any and all employment of you by any employer, or self-employment prior to your employment by Pepperidge Farm, including but not limited to, documents relating to the names and addresses of each employer, dates of employment, resumes, applications for employment, rate of pay, earnings and benefits, job titles, job assignments, job descriptions, promotions, job performance or evaluations thereof, reprimands, warnings, disciplinary actions, complaints, grievances, separation from employment, circumstances surrounding removal, resignation, termination, or other separation from employment, and letters of reference.

**RESPONSE:** **See attached documents related to prior employment**

11. Any and all documents that refer or relate to any communication(s) that you have had with any person concerning: (a) the fact that you are suing Pepperidge Farm; or (b) your claim or belief that Pepperidge Farm has engaged in any unlawful conduct.

**RESPONSE:** **N/A other than the documents submitted to the CHRO/EEOC which is already in the possession of the Defendants.**

12. Any and all documents that in any way discuss, relate, or otherwise pertaining to any other lawsuits filed by you, or filed by others on your behalf, or any complaints, charges or grievances made by you, or made by others on your behalf, against any person.

**RESPONSE:** **N/A**

13. Any and all documents that you exchanged with any present or former Pepperidge Farm employee or any other person regarding this lawsuit, any other lawsuit, or the issues raised in the Complaint.

**RESPONSE:** **N/A other than the documents submitted to the CHRO/EEOC which is already in the possession of the Defendants.**

14. Any and all documents that in any way discuss, relate to, or otherwise support the allegations contained in your Complaint in this action.

**RESPONSE:** **See attached documents submitted to the CHRO/EEOC which is already in the possession of the Defendants. In addition, see note from Dr. Heliotis and Affidavit of Juan Martinez.**

15. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations in Paragraph 21 of your Complaint that a term or condition of your employment was that you would continue to be "gainfully employed and potentially promoted" if you performed the duties and responsibilities of your job in a satisfactory manner.

**RESPONSE:** **N/A other than Pepperidge Farms' employee handbook produced to Plaintiffs on August 7, 2003.**

16. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations in Paragraph 22 of your Complaint that you performed your duties satisfactorily.

**RESPONSE:** **N/A other than personnel file produced by Defendants on August 7, 2003.**

17. Any all documents that in any way discuss, relate, or otherwise support your allegations in paragraph 24 of your Complaint that you were subjected to a "sexually hostile or offensive environment in the workplace."

**RESPONSE:** **See Affidavit of Juan Martinez attached hereto.**

18. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations in Paragraph 24 of your Complaint that the allegedly sexually hostile or offensive workplace environment was "created, permitted or maintained by Pepperidge, Campbell and their agent(s) or employee(s)."

**RESPONSE:** **See Affidavit of Juan Martinez attached hereto.**

19. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations in Paragraph 25 of your Complaint that you were subjected to "conduct constituting sexual harassment, intimidation and threatening, distressing, hostile and discriminatory conduct by Pepperidge, Campbell and their agents(s) or employee(s)."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

20. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations in Paragraph 26 of your Complaint that "[s]ubmission to such conduct was made either explicitly or implicitly a term or condition of your employment, or submission to or rejection of such conduct was used as the basis for adverse decisions affecting [your] employment, or such conduct had a purpose or effect of substantially interfering with [your] work performance or creating a hostile or offensive environment in the workplace."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

21. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that from July 200[0] through August 31, 2001, Roberto Arocho continually harassed you.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

22. Any and all documents that in ay way discuss, relate, or otherwise support your allegations that Arocho made repeated comments to you, including "you are so sexy," "I want to take you out," "do you want to mess around with me," "can we go out to dinner," and "you have pretty legs."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

23. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Arocho grabbed both of your hands and rubbed them while stating that you "shouldn't worry because nobody else could see."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

24. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that in August 2000 Arocho made lewd comments to you "to the effect her wanted to 'eat [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

25. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that from August 2000 to August 2001, Arocho continued to make sexual comments directed to you regarding your looks.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

26. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Arocho indicated that you could have the 2001 Labor Day weekend off if you "kissed him".

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

27. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that on August 31, 2001, Arocho requested a date with you.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

28. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that on August 31, 2001, Arocho requested a "threesome" with you, plaintiff Tsharides and plaintiff Presley.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

29. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that in early September 2001, you approached Pepperidge Human Resources to complain about Arocho's alleged "flagrant, harassing and abusive conduct."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

34.  Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Arocho continually referred to you as "his love."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

35.  Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you were denied equal terms and conditions of employment on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 200e, et seq.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

36.  Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that all defendants interfered with, discouraged or prevented you from exercising your right to make a complaint and take appropriate legal action to protect your rights and well being, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. And Conn. Gen. Stat §46a-60(a)(8).

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

37.  Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you "were forced to seek employment elsewhere and suffered the loss of [your] employment, wages, employee benefits and social security benefits."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

30. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Pepperidge's Human Resources Department "showed little or no interest in [your] complaint."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

31. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Maritza Sanchez encouraged you to 'drop the issue."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

32. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that the alleged 'intimidating, offensive, threatening, harassing, distressing, and discriminatory conduct was perpetuated and condoned by the corporate defendants as a result of the hostile and discriminatory atmosphere that prevailed in the workplace."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

33. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you were constructively discharged from Pepperidge.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also note from Dr. Heliotis.**

38    Any and all documents that in any way discuss, relate, or otherwise supporting your claim of mental/emotional distress including records and reports of or authorizations to obtain records and reports of mental health care providers, doctors, psychologists, therapists and counselors.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also note from Dr. Heliotis attached hereto.**

39.   Any and all documents that in any way discuss or relate to any treatment or advise you sought or received from any medical provider relating to any injuries or pain you alleged in the Complaint you have suffered, including any documents you sent to or received from any health care provider or institution and ay records and reports of or authorizations to obtain records and reports of mental health care providers, doctors, psychologists, therapists and counselors.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also note from Dr. Heliotis attached hereto.**

40.   Any and all documents that in ay way discuss, relate, or otherwise support your allegations that all defendants intentionally denied you equal terms and conditions of employment on the basis of sex, or acted with malice or reckless indifference to rights secured to you, in violation of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. Section 2000e, et seq.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

41. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you were sexually harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. Section 2000e, et seq. And Conn Gen. Stat.§ 46a-60(a)(8).

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

42. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you were subjected to a "hostile workplace which substantially interfered with [your] ability to perform [your] job and which denied [you] equal terms and conditions of employment on the basis of sex in violation of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. Section 2000e, et seq."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

43. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you were retaliated against for your complaints of sexual harassment, discrimination and hostile workplace.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

44. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Pepperidge failed to post notices of employee's rights and complaint procedure as required by Connecticut Statutes.

**RESPONSE:** N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.

45. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Pepperidge failed to implement or enforce their anti-sexual harassment policy.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

46. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that you were sexually assaulted and battered by Arocho.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

47. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Arocho "knew or should have known that his acts and omissions...involved an unreasonable risk of causing emotional distress to [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

48. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that Arocho "intended to inflict severe emotional distress to [you]".

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

49. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that the actions of all defendants were "extreme and

outrageous."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

50. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that defendants Pepperidge and Campbell 'knew or should have known that the conduct of Arocho...would involve an unreasonable risk of causing emotional distress to [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

51. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that the defendants Pepperidge and Campbell 'intended to inflict severe emotional distress to [you]."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

52. Any and all documents that in any way discuss, relate, or otherwise supporting your allegations that 'the defendants purposely conspired to deter, any further EEOC or CHRO investigation in this matter by filing a Verified Answer to said agencies which had the effect of falsifying the true facts which were garnered during defendants' internal investigation undertaken in response to [your] complaints."

**RESPONSE:** **See, attached Affidavit of Juan Martinez.**

53. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the defendants conspired to create a false and misleading response to the EEOC and CHRO.

**RESPONSE:** **See, attached Affidavit of Juan Martinez.**

54. Any and all documents not otherwise identified or otherwise referred to herein that support or pertain in any way to the allegations in, or any and all other matters encompassed by, the Complaint.

**RESPONSE:** **See, attached documents.**

<u>NOTE TO COUNSEL</u>: *All responses provided in this First Set of Requests for Production are subject to the continuing duty to disclose. To the extent that additional information is forthcoming or being developed, said information will be promptly disclosed to all counsel of record provided said information or documents do not constitute privileged information or work product materials.*

PLAINTIFF
MARINA GIANNAKOVA

BY: _____

John I. Bolton

## CERTIFICATION

This is to certify that a copy of the foregoing was hand-delivered to a messenger sent by the law firm of Tyler, Cooper & Alcorn, LLP or 205 Church Street, New Haven, CT 06509-1910 this 25th day of August, 2003.

_____
John I. Bolton