## AUTHORIZATION TO DOCTOR

**TO WHOM IT MAY CONCERN:**

I, MARINA GIANVIARCOVA, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, P.O. Box 1936, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all medical records and information, including x-rays and information relating to treatment for mental illness, drug abuse, or alcohol abuse, concerning me in your possession to be used in the litigation entitled <u>Twanya Presley, et al. v. Pepperidge Farm, Inc., et al.</u>, Civil Action No. 3:02CV2157 (AVC), and pending in the United States District Court for the District of Connecticut.

Photostatic copies of this authorization shall be valid as the original.

Signed at Bridgeport, this 11th day of June, 2003.

MARINA GIANVIARCOVA
Name

31 Bayview Ave. Norwalk, CT 06854
Address

9/8/70
Date of Birth

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
Social Security Number

## AUTHORIZATION TO HOSPITAL

**TO WHOM IT MAY CONCERN:**

I, MARINA GIANNAKOVA, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all medical records and information, including x-rays and information relating to treatment for mental illness, drug abuse, or alcohol abuse, concerning me in your possession to be used in the litigation entitled <u>Twanya Presley, et al. v. Pepperidge Farm, Inc., et al.</u>, Civil Action No. 3:02CV2157 (AVC), and pending in the United States District Court for the District of Connecticut.

Photostatic copies of this authorization shall be valid as the original.

Signed at _____, this _____ day of _____, 2003.

MARINA GIANNAKOVA
Name

31 BAYVIEW AVE NORWALK CT 06851
Address

9/8-70
Date of Birth

425-87-88-77
Social Security Number

## AUTHORIZATION TO EMPLOYER

TO WHOM IT MAY CONCERN:

I, MARINA GIANNAKOVA, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all information they may require concerning my wages, employment records, loss of wages and time lost from employment in your possession.

Photostatic copies of this authorization shall be valid as the original.

Signed at BPT, Connecticut, this 11th day of June, 2003.

MARINA GIANNAKOVA
Name

31 BAYVIEW AV. NORWALK CT. 06854
Address

9/8-70
Date of Birth

425-87-88-77
Social Security Number

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TWANYA PRESLEY, et al | \* | CIVIL ACTION |
| | \* | |
| | \* | No: 3:02CV2157(AVC) |
| Plaintiffs, | \* | |
| v. | \* | |
| PEPPERIDGE FARM, INC., a subsidiary of THE CAMPBELL SOUP COMPANY, THE CAMPBELL SOUP COMPANY and ROBERT AROCHO, Individually | \* | AUGUST 25, 2003 |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
<u>**DIRECTED TO PLAINTIFF SOFIA TSHARIDES**</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendants **PEPPERIDGE FARM, INC., THE CAMPBELL SOUP COMPANY and ROBERT AROCHO** ("Pepperidge Farm"), hereby request that the plaintiff, **SOFIA TSHARIDES** produce the documents designated below or provide them for inspection and copying by the undersigned at a mutually agreeable date, time, and place within thirty (30) days of the date of service hereof.

Pursuant to paragraph (b) of Rule 34 of the Federal Rules of Civil Procedure, plaintiff is hereby further requested to serve a written response to these requests within thirty (30) days of service.

I.  **INSTRUCTIONS**

A. The term "**DOCUMENT**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). The term "**DOCUMENT**" includes, but is not limited to, the following: writings, drawings, graphs, charts, photographs, videotapes, tape recordings and other phonorecords, electronic communications and other date compilations from which information can be obtained. A draft or non-identical copy is a separate document withing the meaning of this term.

Should you withhold any **DOCUMENT** or part thereof on the basis of a claim of privilege or other protection against disclosure, you must provide the following information with respect to each **DOCUMENT** withheld:

1. The basis upon which the privilege is claimed;
2. The identity of the person(s) who authored or produced the **DOCUMENT**;
3. The identity of the person(s) to whom the **DOCUMENT** was directed;
4. The identity of each person to whom copies of the **DOCUMENT** were furnished;
5. The substance of the **DOCUMENT** with sufficient particularity to enable the court and the parties hereto to identify the **DOCUMENT**;
6. The identity of the person(s) who has possession or custody of, or control over, the **DOCUMENT**; and
7. Whether any non-privileged matter is included in the **DOCUMENT**.

B. The definitions and rules of construction for discovery requests set forth in Local Rule 39 apply. See especially the definition of the term "**CONCERNING**".

    C.    The term "**COMPLAINT**" is defined as the Plaintiffs' Complaint filed on or about December 6, 2002.

## II.    PRODUCTION REQUESTS

1. Any and all documents that support or relate to your claims of damages in this case.

**RESPONSE:**    **See attached documents re; Dr. Heliotis; W-2 Forms**

2. Copies of your W-2 Forms and tax returns, including but not limited to, federal and state income tax returns and W-2 Forms, for the years 1995 through the present.

**RESPONSE:**    **See attached W-2 Forms**

3. Any and all documents relating to or referring to any attempts made by you to obtain other employment during your employment with Pepperidge Farm, or since March 2002, to the present, including, but not limited to employment applications, resumes, correspondence, notes, memoranda and documents from any prospective employers from whom employment was sought or regarding interviews, applications, offers of employment, and rejections of applications for employment.

**RESPONSE:**    **See attached.**

4. Any and all documents that evidence, relate, or otherwise pertain to any and all employment of you by any employer or self-employment or other means of support ("employment") or efforts or attempts by you to seek or obtain such employment from March 2002 to the present, including, but not limited to, documents relating to employment status, rate of pay, earnings, benefits, benefit statements, offers of benefits to be paid (in whole or in part) or provided by the employer(s) regardless of whether those benefits were actually obtained,

evaluations of job performance, discipline, reprimands, warnings, complaints and/or grievances, advertisements, resumes, employment applications, correspondence, notes, memoranda, offers of employment, and rejection of offers of employment.

**RESPONSE:** **See attached.**

5. Any and all documents removed from Pepperidge Farm by you or anyone else on your behalf.

**RESPONSE:** **N/A**

6. Any and all documents: (a) given to or received from the State of Connecticut Unemployment Compensation Commission, the Workers' Compensation Commission, the Connecticut Commission on Human Rights and Opportunities, the Equal Employment Opportunity Commission, or any other local, state or federal agency, office, department or official on or since March 2002; or (b) constituting, discussing or otherwise pertaining in any way to said documents which in either case, relate or pertain in any manner to your employment with Pepperidge Farm.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession.**

7. Any and all documents that constitute, evidence, relate or otherwise pertain to notes or other writings made you or anyone on your behalf, that relate in any manner to your employment with Pepperidge Farm or to any and all matters encompassed by the Complaint.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession.**

8. Any and all diaries and/or business or personal calendars and/or journals and/or appointment books or the like kept or possessed or maintained by, or on behalf of you from the commencement of your employment with Pepperidge Farm to the present.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession.**

9. Any and all documents that in any way discuss, relate, refer or otherwise pertain to the terms, benefits and conditions of your employment with Pepperidge Farm.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession.**

10. Any and all documents that in any way evidence, relate, or otherwise pertain to any and all employment of you by any employer, or self-employment prior to your employment by Pepperidge Farm, including but not limited to, documents relating to the names and addresses of each employer, dates of employment, resumes, applications for employment, rate of pay, earnings and benefits, job titles, job assignments, job descriptions, promotions, job performance or evaluations thereof, reprimands, warnings, disciplinary actions, complaints, grievances, separation from employment, circumstances surrounding removal, resignation, termination, or other separation from employment, and letters of reference.

**RESPONSE:** **See attached documents which represent all of the information presently in this plaintiff's possession.**

11. Any and all documents that refer or relate to any communication(s) that you have had with any person concerning: (a) the fact that you are suing Pepperidge Farm; or (b) your claim or belief that Pepperidge Farm has engaged in any unlawful conduct.

**RESPONSE:** **N/A other than the documents submitted to the CHRO/EEOC which is already in the possession of the Defendants.**

12. Any and all documents that in any way discuss, relate, or otherwise pertain to any other lawsuits filed by you, or filed by others on your behalf, or any complaints, charges or grievances made by you, or made by others on your behalf, against any person.

**RESPONSE:** **N/A other than the documents submitted to the CHRO/EEOC which is already in the possession of the Defendants.**

13. Any and all documents that you exchanged with any present or former Pepperidge Farm employee or any other person regarding this lawsuit, any other lawsuit, or the issues raised in the Complaint.

**RESPONSE:** **N/A other than the documents submitted to the CHRO/EEOC which is already in the possession of the Defendants.**

14. Any and all documents that in ay way discuss, relate to, or otherwise support the allegations contained in your Complaint in this action.

**RESPONSE:** **See attached documents submitted to the CHRO/EEOC which is already in the possession of the Defendants. In addition, see note from Dr. Heliotis and Affidavit of Juan Martinez.**

15. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 21 of your Complaint that a term or condition of your employment was that you would continue to be "gainfully employed and potentially promoted" if you performed the duties and responsibilities of your job in a satisfactory manner.

**RESPONSE:** **N/A other than Pepperidge Farms' employee handbook produced to Plaintiffs on August 7, 2003.**

16. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 22 of your Complaint that you performed your duties satisfactorily.

**RESPONSE:** **N/A other than personnel file produced by Defendants on August 7, 2003.**

17. Any all documents that in any way discuss, relate, or otherwise support your allegations in paragraph 24 of your Complaint that you were subjected to a "sexually hostile or offensive environment in the workplace."

**RESPONSE:** **See Affidavit of Juan Martinez attached hereto.**

18. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 24 of your Complaint that the allegedly sexually hostile or offensive workplace environment was "created, permitted or maintained by Pepperidge, Campbell and their agent(s) or employee(s)."

**RESPONSE:** **See Affidavit of Juan Martinez attached hereto.**

19. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 25 of your Complaint that you were subjected to "conduct constituting sexual harassment, intimidation and threatening, distressing, hostile and discriminatory conduct by Pepperidge, Campbell and their agents(s) or employee(s)."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

20. Any and all documents that in any way discuss, relate, or otherwise support your allegations in Paragraph 26 of your Complaint that "[s]ubmission to such conduct was made either explicitly or implicitly a term or condition of your employment, or submission to or rejection of such conduct was used as the basis for adverse decisions affecting [your] employment, or such conduct had a purpose or effect of substantially interfering with [your] work performance or creating a hostile or offensive environment in the workplace."

**RESPONSE:** **Other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession, please see Affidavit of Juan Martinez attached hereto.**

21. Any and all documents that in any way discuss, relate, or otherwise support your allegations that from July 200[0] through August 31, 2001, Roberto Arocho continually harassed you.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants' possession.**

22.    Any and all documents that in ay way discuss, relate, or otherwise support your allegations that Arocho made repeated comments to you, including "you are so sexy," "I want to take you out," "do you want to mess around with me," "can we go out to dinner," and "you have pretty legs."

**RESPONSE:**     **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants' possession.**

23.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho grabbed both of your hands and rubbed them while you were in his office to determine your work schedule.

**RESPONSE:**     **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants' possession.**

24.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho stated to you that you 'made him nervous," and that Arocho attempted to touch your knee and told you that he had authority to do so because he was your supervisor.

**RESPONSE:**     **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants' possession.**

25.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that in August 2001, Arocho came up behind you and rubbed his legs against your legs while uttering inappropriate comments.

**RESPONSE:**     **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants' possession.**

31. Any and all documents that in any way discuss, relate, or otherwise support your allegations that the alleged 'intimidating, offensive, threatening, harassing, distressing, and discriminatory conduct was perpetuated and condoned by the corporate defendants as a result of the hostile and discriminatory atmosphere that prevailed in the workplace."

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

32. Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were denied equal terms and conditions of employment on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 20003, et seq.

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

33. Any and all documents that in any way discuss, relate, or otherwise support your allegations that all defendants interfered with, discouraged or prevented you from exercising your right to make a complaint and take appropriate legal action to protect your rights and well being, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. And Conn. Gen. Stat §46a-60(a)(8).

**RESPONSE:** **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**