37.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were sexually harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. Section 2000e, et seq. And Conn Gen. Stat.§ 46a-60(a)(8).

**RESPONSE:**    **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

38.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were subjected to a "hostile workplace which substantially interfered with [your] ability to perform [your] job and which denied [you] equal terms and conditions of employment on the basis of sex in violation of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. Section 2000e, et seq."

**RESPONSE:**    **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

39.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were retaliated against for your complaints of sexual harassment, discrimination and hostile workplace.

**RESPONSE:**    **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

40.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that Pepperidge failed to post notices of employee's rights and complaint procedure as required by Connecticut Statutes.

**RESPONSE:**        **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

41.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that Pepperidge failed to implement or enforce their anti-sexual harassment policy.

**RESPONSE:**        **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

42.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that you were sexually assaulted and battered by Arocho.

**RESPONSE:**        **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

43.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho "knew or should have known that his acts and omissions...involved an unreasonable risk of causing emotional distress to [you]."

**RESPONSE:**        **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

44.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that Arocho "intended to inflict severe emotional distress to [you]".

**RESPONSE:**        **N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession.**

45.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that the actions of all defendants were "extreme and outrageous."

**RESPONSE:      N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

46.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that defendants Pepperidge and Campbell 'knew or should have known that the conduct of Arocho...would involve an unreasonable risk of causing emotional distress to [you]."

**RESPONSE:      N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

47.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that the defendants Pepperidge and Campbell 'intended to inflict severe emotional distress to [you]."

**RESPONSE:      N/A other than those documents already submitted to the CHRO/EEOC and in the Defendants's possession. See, also Affidavit of Juan Martinez.**

48.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that 'the defendants purposely conspired to deter, any further EEOC or CHRO investigation in this matter by filing a Verified Answer to said agencies which had the effect of falsifying the true facts which were garnered during defendants' internal investigation undertaken in response to [your] complaints."

**RESPONSE:      See, Affidavit of Juan Martinez attached hereto.**

49.    Any and all documents that in any way discuss, relate, or otherwise support your allegations that the defendants conspired to create a false and misleading response to the EEOC and CHRO.

**RESPONSE:**    **See, Affidavit of Juan Martinez attached hereto.**

50.    Any and all documents not otherwise identified or otherwise referred to herein that support or pertain in any way to the allegations in, or any and all other matters encompassed by, the Complaint.

**RESPONSE:**    **See attached documents.**

**NOTE TO COUNSEL**:  *All responses provided in this First Set of Requests for Production are subject to the continuing duty to disclose. To the extent that additional information is forthcoming or being developed, said information will be promptly disclosed to all counsel of record provided said information or documents do not constitute privileged information or work product materials.*

PLAINTIFF
SOFIA TSAHARIDES

BY

John I. Bolton

## CERTIFICATION

This is to certify that a copy of the foregoing was hand-delivered to a messenger sent by the law firm of Tyler, Cooper & Alcorn, LLP or 205 Church Street, New Haven, CT 06509-1910 this 25th day of August, 2003.

John I. Bolton

## AUTHORIZATION TO DOCTOR

**TO WHOM IT MAY CONCERN:**

I, _____, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, P.O. Box 1936, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all medical records and information, including x-rays and information relating to treatment for mental illness, drug abuse, or alcohol abuse, concerning me in your possession to be used in the litigation entitled <u>Twanya Presley, et al. v. Pepperidge Farm, Inc., et al.</u>, Civil Action No. 3:02CV2157 (AVC), and pending in the United States District Court for the District of Connecticut.

Photostatic copies of this authorization shall be valid as the original.

Signed at ____Bridgeport____, this __11__ day of ____June____, 2003.

____Sofia   Tsahirides____
Name

__31  BAYVIEW   AVE  NORWALK  C.T  06854__
Address

____1 - 11 - 67____
Date of Birth

____043 - 74 - 0677____
Social Security Number

## AUTHORIZATION TO HOSPITAL

**TO WHOM IT MAY CONCERN:**

I, _Sofia  Tzihirides_, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all medical records and information, including x-rays and information relating to treatment for mental illness, drug abuse, or alcohol abuse, concerning me in your possession to be used in the litigation entitled Twanya Presley, et al. v. Pepperidge Farm, Inc., et al., Civil Action No. 3:02CV2157 (AVC), and pending in the United States District Court for the District of Connecticut.

Photostatic copies of this authorization shall be valid as the original.

Signed at _____, this _____ day of _____, 2003.


_Sofia  Tzihirides_
Name

_31  Bayview  Ave  Norwalk  CT  06854_
Address

_1 - 11 - 67_
Date of Birth

_043 - 74 - 6677_
Social Security Number

## AUTHORIZATION TO EMPLOYER

TO WHOM IT MAY CONCERN:

I, Sofia _____, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all information they may require concerning my wages, employment records, loss of wages and time lost from employment in your possession.

Photostatic copies of this authorization shall be valid as the original.

Signed at Bridgers Connecticut, this ___11___ day of ___June___, 2003.

Sofia Tsahurides
**Name**

31 BAYVIEW AVE NORWALK C.T. 06854
**Address**

1-11-67
**Date of Birth**

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
**Social Security Number**



# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

Elizabeth K. Andrews
203.784.8540
Fax: 203.777.1181
eandrews@tylercooper.com

205 Church Street
P.O. Box 1936
New Haven, CT
06509-1910
203.784.8200

New Haven
Hartford
Stamford
Madison

September 25, 2003

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
John I. Bolton, Esq.
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200A
Bridgeport, CT 06604-3911

> *Re:*     ***Presley, et al. v. Pepperidge Farm, Inc., et al.***

Dear Attorney Bolton:

I have reviewed your clients' responses to Defendants' First Set of Requests for production dated August 25, 2003. The responses are deficient as follows.

With regard to Twanya Presley's responses:

(1)     Request #1 seeks documents relating to Ms. Presley's claim for damages. The response indicates that "[r]eports and/or notes from Dr. Force have been requested and should be forthcoming." We have not yet received these documents. Please forward the documents immediately, or provide Dr. Force's contact information and have Ms. Presley execute the enclosed HIPPA compliant authorization.

(2)     Request #2 seeks W-2 Forms and state and federal tax returns for the years 1995 through the present. In response, it appears that you merely provided a copy of Ms. Presley's 2002 W-2. As this is severely inadequate, please have your client execute the enclosed tax authorization form so that we may obtain the requested records.

(3)     Requests #3 and #4 seek employment information following Ms. Presley's resignation from Pepperidge Farm, Inc. in March 2002. The documents provided apparently in response to this request appear to be a pay stub dated 5/30/02, a time sheet and pay stub from *McIntye Associates, Inc.* for temporary work performed at *Jan-Pro* dated 5/23/02, copies of *Conversant* time sheets from July and August 2002, but no checks, copies of *Conversant* checks and some time sheets for the weeks of 9/04/02, 9/08/02, 9/18/02, 9/29/02, 10/06/02, 10/20/02,

J. Bolton, Esq.
September 25, 2003
Page 1 of 4

11/06/02 and 11/13/02, and a copy of a statement of earnings from *New England Voice and Data* dated 06/13/03.

First, please either provide documents relating to Ms. Presley's employment from March 2002 through May 2002, or confirm that she was not employed, and if she was not employed, provide any and all documents relating to her pursuit of employment, as requested by the original production request.

Second, please either provide any other relevant documents relating to Ms. Presley's employment from May, June and July of 2002, or confirm that she was not employed for part or all of that time period, and if she was not employed, provide any and all documents relating to her pursuit of employment, as requested by the original production request.

Third, please either provide documents relating to Ms. Presley's employment for the remaining weeks in October 2002, or confirm that she was not employed, and if she was not employed, provide any and all documents relating to her pursuit of employment, as requested by the original production request.

Fourth, please either provide documents relating to Ms. Presley's employment from December 2002 through June 2002, or confirm that she was not employed, and if she was not employed, provide any and all documents relating to her pursuit of employment, as requested by the original production request.

Fifth, please either provide documents relating to Ms. Presley's employment from June 2002 to the present, or confirm that she was not employed, and if she was not employed, provide any and all documents relating to her pursuit of employment, as requested by the original production request.

Sixth, please have your client execute and return to me the enclosed Authorization to Employer, as the one provided with the responses was not <u>signed</u>

(4)    Requests #10 seeks employment information regarding Ms. Presley's employment prior to working for Pepperidge Farm, Inc. In response, you stated "[s]ee attached documents which represent all of the information presently in this plaintiff's possession. All other documents are already in the Defendants' possession." It does not appear that <u>any</u> documents responsive to this request were produced, nor are any such documents within the possession or control of the Defendants. Therefore, please respond to this request appropriately and/or have your client identify her former employers so that we may obtain the documents via the employer authorization form.

J. Bolton, Esq.
September 25, 2003
Page 2 of 4

With regard to Marina Giannakova's responses:

(1)    Request #1 seeks documents relating to Ms. Giannakova's claim for damages.
        The response states "[s]ee attached documents re: Dr. Heliotis; W-2 Forms."
        There are no documents from Dr. Heliotis attached.  Please provide copies of all
        documents in plaintiff's possession.

(2)    Request #2 seeks W-2 Forms and state and federal tax returns for the years 1995
        through the present.  In response, it appears that you merely provided a copy of
        Ms. Giannakova's 2001 and 2002 W-2 Forms.  As this is severely inadequate,
        please have your client execute the enclosed tax authorization form so that we
        may obtain the requested records.

(3)    Requests #3 and #4 seek employment information following Ms. Giannakova's
        resignation from Pepperidge Farm, Inc. in March 2002.  The documents provided
        apparently in response to this request appear to be an application for employment
        at *Victoria's Secret* dated December 3, 2002, a performance evaluation from that
        employer dated April 8, 2003, some pay information, and a letter from Cosmos
        Pizza & Family Restaurant.

        First, please either provide documents relating to Ms. Giannakova's employment
        from March 2002 until she became employed with *Victoria's Secret*, or confirm
        that she was not employed, and if she was not employed, provide any and all
        documents relating to her pursuit of employment, as requested by the original
        production request.

        Second, please either provide relevant documents relating to Ms. Giannakova's
        employment with Cosmos Pizza, including, but not limited to pay information.

(4)    Requests #10 seeks employment information regarding Ms. Giannakova's
        employment prior to working for Pepperidge Farm, Inc.  In response, you attach a
        letter from Dimitrious Tsionis of Cosmos Pizza.  This is not responsive to the
        entire request.  Therefore, please provide the requested documents, i.e. rate of
        pay, earnings and benefits, etc.  Additionally, please provide documents regarding
        other prior employers, or affirmatively state that none exist.

With regard to Sofia Tsharides' responses:

(1)    Request #1 seeks documents relating to Ms. Tsharides' claim for damages.  The
        response states "[s]ee attached documents re: Dr. Heliotis; W-2 Forms."  There
        are no documents from Dr. Heliotis attached.  Please provide copies of all
        documents in plaintiff's possession.

(2)    Request #2 seeks W-2 Forms and state and federal tax returns for the years 1995

J. Bolton, Esq.
September 25, 2003
Page 3 of 4

through the present.  In response, you merely provided copies of Ms. Tsharides' W-2 Forms for the years 1997, 1998, 2001 and 2002.  Please have your client execute the enclosed tax authorization form so that we may obtain the requested W-2 Forms for the years 1995, 1996, 1999 and 2000, as well as the remaining documents requested.

(3)   Requests #10 seeks employment information regarding Ms. Tsharides' employment prior to working for Pepperidge Farm, Inc.  In response, you state "[s]ee attached documents which represent all of the information presently in this plaintiff's possession."  There do not, however, appear to be any documents attached that are responsive to this request.  Therefore, please provide the requested documents, or affirmatively state that none exist.

I look forward to receiving your complete responses to the requests for production as soon as possible, but in no event, later than October 17, 2003.  This allows three full weeks for compliance.  If this presents a problem, please contact Tricia Reilly or me immediately. Otherwise, I will expect the documents on or before the 17th.

Very truly yours,

Elizabeth K. Andrews

EKA/nsa
cc:   Patricia E. Reilly, Esq.
       Martin D. Chazin, Esq.

**Tyler Cooper**
**& Alcorn, LLP**

*Counsellors at Law*

AUTHORIZATION FORM FOR DISCLOSURE/RELEASE OF PROTECTED HEALTH INFORMATION (PHI)
GENERAL HEALTH INFORMATION/DRUG/ALCOHOL/PSYCHIATRIC/HIV RELATED INFORMATION

**Medical Provider:**_____

**Address:**_____     Date:_____

Patient:  Twanya Presley                                                              Date of Birth:
                                                                                              Medical Record #:_____

Address:
                                                                        Telephone #:_____

1.       I hereby authorize the medical provider stated above to:    __XXX__  **Release**  _____**Receive** information from the health record of the above named
patient to: **Attorney Elizabeth K. Andrews, Tyler Cooper & Alcorn, LLP, 205 Church Street, P.O. Box 1936, New Haven, Connecticut 06509-1910, or to their
authorized representative**

2.  The purpose for such information is: Pending Litigation

3.  Type of Service:                                                                                          _____Inpatient
                                                                                                                       _____Outpatient
                                                                                                                       _____Emergency Room
                                                                                                                       _____Ambulance

4.  Requested Data:                                    Specific Report(s) - check all that apply:

                                                               __X___All Records                                    ☐ Consultation
                                                               _____Medical/Surgical abstract (summary)            ☐ Discharge
                                                               Summary and Diagnosis
                                                               _____Alcohol/Drug Related                           ☐ Emergency Room
                                                               Report
                                                               _____Psychiatric/Psychosocial                       ☐ EKG/EEG
                                                               _____Immunization                                   ☐ History & Physical
                                                               _____Physical Therapy                               ☐ Laboratory Report
                                                               _____Other (specify):_____              ☐ Operative Report
                                                               _____Other (specify):_____              ☐ Progress Notes
                                                               ☐ Pathology Report
                                                               ☐ Radiology: ____Report ____ Films
                                                               ☐ Other:_____

5.       Approximate Date(s):  _____

6.       This form serves the dual purpose of a general authorization for the release of protected health information and a specific authorization for the release of
information protected by state and federal confidentiality laws and regulations. The information to be released may contain information pertaining to
psychiatric, drug and/or HIV or AIDS testing, diagnoses or treatment

7.       I understand there may be a 65-cent/per-page copy fee charged with certain requests for the health information.  It is understood that there may be a 30 day
period to process this request, unless otherwise specified.  It is understood that the records may be located throughout the healthcare system and more than
one authorization may be required to obtain all records.

8.       I understand my right as stated in the above-stated Healthcare System's Notice of Privacy to revoke this authorization at any time.  I understand that if I
revoke this authorization, I must do so in writing and submit this to the department that maintains my requested information.  I understand the revocation
will not apply to information that has already been released in response to this authorization.  Unless otherwise revoked, this authorization will expire upon
the earlier of 60 days from the date written above or a specific date, event, or condition to such revocation.

9.       I understand authorizing the disclosure of this health information is voluntary.  I need not sign this authorization to ensure treatment, payment or healthcare
operations.  I understand I may inspect or copy the information to be used or disclosed according to state and federal law, and as stated in the Privacy Notice
of this facility.  I understand information once released from this facility may not be protected by federal confidentiality rules and carries with it the potential
for an unauthorized redisclosure.

**A PHOTOSTATIC COPY OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL**

_____            _____
Signature of Patient or Legal Representative            If Legal Representative, specify relationship

☐ The patient is a minor, _____years of age
☐ The patient is unable to authorize because:_____

_____            _____
Signature of Witness                                                  Date

## <u>AUTHORIZATION TO EMPLOYER</u>

TO WHOM IT MAY CONCERN:

    I, **Twanya Presley**, hereby authorize you to release to Tyler Cooper & Alcorn, LLP, 205 Church Street, New Haven, Connecticut 06509, or to anyone they designate in writing, any and all information they may require concerning my wages, employment records, loss of wages and time lost from employment in your possession.

    Photostatic copies of this authorization shall be valid as the original.

    Signed at _____, Connecticut, this _____ day of _____, 2003.


_____
Name

_____
Address

_____
Date of Birth

_____
Social Security Number

Form **4506**

(Rev. May 1997)

Department of the Treasury
Internal Revenue Service

**Request for Copy or Transcript of Tax Form**

▶ Read instructions before completing this form.

▶ Type or print clearly. Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, spouse's name shown on tax form | 2b Second social security number on tax form |

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4 Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

5 If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

6 If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . . . ▶ ☐

7 If name in third party's records differs from line 1a above, enter that name here (see instructions) ▶

8 Check only one box to show what you want. There is **no charge** for items 8a, b, and c:

a ☐ Tax return transcript of Form 1040 series filed during the **current calendar year** and the **3 prior calendar years** (see instructions).

b ☐ Verification of nonfiling.

c ☐ Form(s) W-2 information (see instructions).

d ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.**
  **Note:** *If these copies must be certified for court or administrative proceedings, see instructions and check here* . . . . . ▶ ☐

9 If this request is to meet a requirement of one of the following, check all boxes that apply.
  ☐ Small Business Administration    ☐ Department of Education    ☐ Department of Veterans Affairs    ☐ Financial institution

| 10 **Tax form number** (Form 1040, 1040A, 941, etc.) | 12 Complete only if **line 8d** is checked. Amount due: | |
|---|---|---|
| | a Cost for each period . . . . . . . | $ 23.00 |
| 11 **Tax period(s)** (year or period ended date). If more than four, see instructions. | b Number of tax periods requested on line 11 | |
| | c Total cost. Multiply line 12a by line 12b. | $ |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* | |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here** ▶

| | | Telephone number of requester ( ) |
|---|---|---|
| Signature. See instructions. If other than taxpayer, attach authorization document. | Date | Best time to call |
| Title (if line 1a above is a corporation, partnership, estate, or trust) | Date | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| Spouse's signature | Date | |

# Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal tax return, Form W-2, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

**Do not** use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.

**Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives your request. It can take up to 60 calendar

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

*(Continued on back)*

For Privacy Act and Paperwork Reduction Act Notice, see back of form.

Cat. No. 41721E

Form **4506** (Rev. 5-97)