7. Any and all documents from an immigration court which considered, adjudicated, approved, or denied your application to remain in the United States or your deportation and exclusion from the United States.

**OBJECTION: The Plaintiff objects to this Request for Production on the basis that it is overly broad, vague and ambiguous, oppressive, irrelevant and burdensome and pursued for the purposes of annoyance, embarrassment. Moreover, it request documents not reasonably calculated to lead to the discovery of admissible evidence.**

8. Copies of your social security card.

**OBJECTION: The Plaintiff objects to this Request for Production on the basis that it is overly broad, vague and ambiguous, oppressive, irrelevant and burdensome and pursued for the purposes of annoyance, embarrassment. Moreover, it request documents not reasonably calculated to lead to the discovery of admissible evidence.**

9. Any and all documents that you submitted to support any I-9 Forms you have completed for any employer.

**OBJECTION: The Plaintiff objects to this Request for Production on the basis that it is overly broad, vague and ambiguous, oppressive, irrelevant and burdensome and pursued for the purposes of annoyance, embarrassment. Moreover, it request documents not reasonably calculated to lead to the discovery of admissible evidence.**

10. Copies of any and all applications or requests submitted to INS or BCIS for any benefits whatsoever you have sought to obtain.

**OBJECTION**: The Plaintiff objects to this Request for Production on the basis that it is overly broad, vague and ambiguous, oppressive, irrelevant and burdensome and pursued for the purposes of annoyance, embarrassment. Moreover, it request documents not reasonably calculated to lead to the discovery of admissible evidence.

11. Copies of any and all correspondence between you and the INS or BCIS, or the Department of State from your date of arrival in the United States to the present.

**OBJECTION**: The Plaintiff objects to this Request for Production on the basis that it is overly broad, vague and ambiguous, oppressive, irrelevant and burdensome and pursued for the purposes of annoyance, embarrassment. Moreover, it request documents not reasonably calculated to lead to the discovery of admissible evidence.

Attorney for Plaintiffs,

TWANYA PRESLEY
SOFIA TSAHARIDES
MARINA GIANNAKOVA

By: /s/ John I. Bolton
John I. Bolton, Esq., **ct08892**
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200
Bridgeport, CT 06604
Telephone: (203) 362-1955
Facsimile: (203) 362-1954
e-mail: jbolton@ispwest.com
Their Attorney

## CERTIFICATION

    It is hereby certified that a copy of the foregoing was sent via first class United States mail this 29th day of September 2003 to all counsel of record and pro se parties, as follows:

Patricia E. Reilly  
Elizabeth K. Andrews  
TYLER COOPER & ALCORN, LLP  
205 Church Street  
New Haven, CT 06509-1910  

_____  
John I. Bolton, Esq. **ct08892**

7



# Tyler Cooper
# & Alcorn, LLP
*Counsellors at Law*

Elizabeth K. Andrews
203.784.8540
Fax: 203.865.7865
eandrews@tylercooper.com

205 Church Street
P.O. Box 1936
New Haven, CT
06509-1910
203.784.8200

New Haven
Hartford
Stamford
Madison

October 9, 2003

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED AND**
**FACSIMILE TRANSMITTAL**

John I. Bolton, Esq.
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200A
Bridgeport, CT 06604-3911

    *Re:*    *Presley, et al. v. Pepperidge Farm, Inc., et al.*

Dear Attorney Bolton:

    This letter will serve as a follow-up to my previous correspondence and voicemail message regarding discovery.

    First, on September 25, 2003, I sent you a four page letter detailing the deficiencies in your clients' responses to Defendants' First Set of Requests for Production dated August 25, 2003. In that letter, I requested that you provide complete responses to the requests for production on or before October 17, 2003. While that date has not yet passed, please advise whether or not we can expect full compliance by that date.

    Second, on September 30, 2003, I sent you a letter enclosing Defendants' Initial Disclosure filed pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. We still have not received plaintiffs' initial disclosures as required by the Rules.

    Third, we have made numerous attempts, both orally and in writing since May 2003 to obtain Sofia Tsharides' and Marina Giannakova's medical records from Dr. Heliotis, pursuant to the HIPPA compliant authorizations executed by your clients. Despite these attempts, and the office's promises to forward the records, we have yet to receive them. Please advise whether your clients continue to treat with Dr. Heliotis and whether you or your clients can do anything to facilitate production of the records short of our issuance of a subpoena.

    Fourth, we are in receipt of your September 29, 2003 objections to Defendants' Second Set of Requests for Production of Documents dated September 8, 2003 directed to Sofia

J. Bolton, Esq.
October 9, 2003
Page 1 of 2

     Tsharides and your September 29, 2003 objections to Defendants' Second Set of Requests for Production of Documents dated September 8, 2003 directed to Marina Giannakova. As you are aware, both sets of production requests seek documents relating to Ms. Tsharides' and Ms. Giannakova's immigration status or presence in the United States. You have objected to each and every request on the basis that each request is "overly broad, vague and ambiguous, oppressive, irrelevant and burdensome and pursued for the purpose of annoyance, embarrassment. Moreover, it requests documents not reasonably calculated to lead to the discovery of admissible evidence." To the contrary, these requests are, in fact relevant, and reasonably calculated to lead to the discovery of admissible evidence for the following reasons. One, paragraphs 13 through 15 of the plaintiffs' Complaint allege that each plaintiff is a legal resident of the United States. Plaintiffs have put this fact at issue, and the requests regarding their immigration status are therefore, relevant. Two, Ms. Giannakova resigned her position with Pepperidge Farm, Inc. subsequent to an inquiry from the Social Security Administration regarding the validity of the social security number she was using. Ms. Giannakova testified during her deposition, however, that she resigned from Pepperidge Farm because she did not like being near Mr. Arocho. As Ms. Giannakova now alleges that she was constructively discharged, her immigration status, and the Administration's inquiry relating thereto makes this production request abundantly relevant to the plaintiffs' claims.

     Based upon the foregoing, please provide (1) plaintiffs' complete responses to Defendants' August 25, 2003 Requests for Production; (2) Plaintiffs' initial disclosure; (3) medical records from Dr. Heliotis regarding Sofia Tsharides and Marina Giannakova, if possible; and (4) plaintiff's responses to Defendants' Second Set of Requests for Production of Documents dated September 8, 2003. Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, please contact Tricia Reilly or me upon receipt of this letter to discuss whether we can resolve these issues short of filing a motion to compel. We look forward to hearing from you.

Very truly yours,

Elizabeth K. Andrews

EKA/nsa
cc:   Patricia E. Reilly, Esq.
       Martin D. Chazin, Esq.

**Tyler Cooper
& Alcorn, LLP**
*Counsellors at Law*

**To:** John I. Bolton, Esquire ................   **Company:** The Bolton Law Firm, P.C. ........

**Phone#:**   .............................   **Fax#:** (203) 362-1954 ....................

**From:** Elizabeth K. Andrews, Esquire .........................................

**Pages:** 3 (including cover) ..   **Date:** October 9, 2003 ......   **Time:** 11:23 am ............

**Comments:**

AS ATTACHED.

205 Church Street   P.O. Box 1936   New Haven, CT   06509-1910   Tel: 203.784.8200   Fax: 203.865.7865

**New Haven**         **Hartford**         **Stamford**         **Madison**

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS INTENDED FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND DESTROY THIS TRANSMITTAL.

Confirmation Report - Memory Send

```
                                    Time     : Oct-09-2003  11:36am
                                    Tel line : +12037892133
                                    Name     : TYLER COOPER + ALCORN LLP


Job number        : 831

Date              : Oct-09 11:35am

To                : 912033621954

Document pages    : 003

Start time        : Oct-09 11:35am

End time          : Oct-09 11:36am

Pages sent        : 003

Status            : OK

Job number   : 831              *** SEND SUCCESSFUL ***
```



**Tyler Cooper & Alcorn, LLP**
*Counsellors at Law*

To: John I. Bolton, Esquire . . . . . . . . . . . . . . . . . Company: The Bolton Law Firm, P.C. . . . . . . . .
Phone#: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Fax#: (203) 362-1954 . . . . . . . . . . . . . . . . . . . . . .
From: Elizabeth K. Andrews, Esquire . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Pages: 3 (including cover) . .   Date: October 9, 2003 . . . . . .   Time: 11:23 am . . . . . . . . . . . .
Comments:

AS ATTACHED.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS INTENDED FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND DESTROY THIS TRANSMITTAL.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery<br>JOHN BOLTN                        10/10 |
| 1. Article Addressed to:<br>_Jon L. Bolton, Esq._<br>_Pullman Comley LLC_<br>_350 Fairfield Ave_<br>_Suite 600A_<br>_Bridgeport, CT_<br>_06604-3911_ | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:   ☐ No<br><br>3. Service Type<br>   ☒ Certified Mail    ☐ Express Mail<br>   ☐ Registered       ☒ Return Receipt for Merchandise<br>   ☐ Insured Mail     ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7699 3960 0005 6435 5154 | |

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

*Campbell Soup*
UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Elizabeth K. Andrews
Tyler Cooper & Alcorn, LLP
205 Church St
New Haven, CT 06510



**Patricia Reilly**
10/17/03 05:05 PM

To: jbolton@ispwest.com
cc: marty_chazin@campbellsoup.com, paul_macionus@pepperidgefarm.com, Elizabeth Andrews/TCA@TCA
Subject: deposition scheduling

John:

We are available for the depositions of Roberto Arocho and Wayne Laraway on the following dates: Oct. 24, Oct. 30, November 3 through 6, inclusive. Please let me know as soon as possible if any of these dates works for you because my schedule is very tight and I would like to lock in a date.

We still haven't received your initial disclosure or a response to Lizz's letter regarding your objections to our last round of discovery. I appreciate that you are a solo and busy, and I have been very accommodating of your schedule, but we need to receive the initial disclosure, which is long overdue. Also, since we haven't heard back from you after Lizz's letter regarding our need for the additional discovery, we assume that you are maintaining your objections, and we will go ahead and file our motion to compel to protect our client's interests.

Regards,
Tricia


Patricia Reilly
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

Tel: 203-784-8233
Fax: 203-865-7865
Reilly@tylercooper.com
www.tylercooper.com

The information contained in this email message is confidential and may contain privileged information and material. Any review or use of the information contained in this email message by persons other than the intended recipient(s) is prohibited. If you are not the intended recipient please notify Tyler Cooper & Alcorn, LLP immediately by telephone at 203-784-8200 or e-mail to mailadmin@tylercooper.com, and destroy all copies of this message and any attachments.