UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR -8 P 2: 44
U.S. DISTRICT COURT
HARTFORD, CT.

TWANYA PRESLEY                :    CIVIL ACTION
MARINA GIANNAKOVA             :
SOFIA TSAHARIDES              :
(Plaintiffs)                  :    NO.:3:02CV2157(AVA)
                              :
V.                            :
                              :
PEPPERIDGE FARMS, INC.        :
a subsidiary of THE CAMPBELL  :
SOUP COMPANY                  :
THE CAMPBELL SOUP             :
COMPANY                       :
(Defendants)                  :    MARCH 5, 2004

PLAINTIFFS' THIRD MOTION FOR AN INDETERMINATE ENLARGEMENT OF
TIME
TO RESPOND RE: SUMMARY JUDGMENT

Pursuant to Local Rule 9(b), the Plaintiffs in the above entitled matter, move for a enlargement of time within which to respond to Defendants' Motion for Summary Judgment dated January 30, 2004, until which time this Court adjudicates Defendants' forthcoming motion for sanctions[1] to be filed against Plaintiff, Marina Giannakova and/or undersigned counsel. Undersigned anticipates that the Defendants will object to the relief sought in this motion.

Unlike the Plaintiffs' two (2) previous requests for additional time, this instant motion is being presented in response to disconcerting issues recently raised by the Defendants relative to the claims being made by Ms. Giannakova in this action.[2]

---

[1] On the afternoon of Friday, February 27, 2004, undersigned counsel learned that the Defendants in this matter were strongly weighing the merits of pursuing sanctions against this plaintiff and/or undersigned counsel. On March 3, 2004, Defendants' counsel confirmed to the undersigned through an e-mail communication that the Defendants were, in fact, going to pursue a motion for sanctions for the reimbursement of fees and costs against plaintiff and/or her attorney relative to the discovery pursued on Marina Giannakova's 's case. It was further represented that the Defendants are seeking the sanctions so that this Court can make a determination as to the appropriate party responsible for payment of the same.

[2] As of the filing of this Third Motion for Enlargement of Time, undersigned has not received the motion for sanctions and has not had the opportunity to review, study or otherwise contemplate a response to the same. While undersigned counsel is presently predisposed to objecting to the same, without knowing,

To the extent that undersigned brought this action and *presently maintains an appearance on behalf of Ms. Giannakova*, it is contended that the current circumstances presents undersigned with an incongruous situation which prevents him from filing a rejoinder to the Defendants' Motion for Summary Judgment until which time the merits of Defendants' Motion for Sanctions is determined by this Court.

As an officer of the Court, undersigned has several obligations to this forum pursuant to, *inter alia*, the Federal Rules of Civil Procedure. Specifically, Rules 11(b)(1)(2)(3)(4) and 56(g) proscribe certain conduct by an attorney which directly bear on the issues anchoring this instant motion.

By the same token, as an attorney *presently representing* Ms. Giannokova, undersigned has certain obligations to this Plaintiff as her advocate pursuant to, *inter alia*, the Rules of Professional Conduct. Specifically, Rules 1.7(b) and 1.16(b) govern the nature and manner of the attorney client relationship now being scrutinized by the Defendants.

Under the current state of affairs, undersigned asserts in good faith that by filing a response to Defendants' Motion for Summary Judgment he will be placed in the vortex of unavoidable conflicts in his dual roles as advocate for Ms. Giannokova and as an officer of this Court.[3]

In support of the bona fide ethical concerns which serve as the basis for this motion, undersigned sets forth the following facts:

(a) On or about September 8, 2003, the Defendants served upon Plaintiffs, Sofia Tsaharides and Marina Giannakova a Second Set of Requests for Production seeking certain documents relative to these individuals' immigration status in the United States.

(b) On September 29, 2003, undersigned counsel objected to these discovery requests citing a lack of relevancy and pursuant to a good faith belief that this specific discovery was being employed tactically to oppress and burden these two (2) Plaintiffs.

---

*inter alia*, the Federal Rule of Civil Procedure upon which the motion is predicated, any further comment regarding the merits of the motion would be pure supposition, premature and inappropriate.

[3] In addition to the issues raised herein, undersigned presses this motion in the hopes of obtaining some guidance from this Court as to the proper manner within which to address the current dilemma without compromising his current responsibilities to the Plaintiff and the United States District Court - District of Connecticut.

(c) Thereafter, Defendants filed a motion to compel seeking an order from this Court directing Plaintiffs' production of the requested immigration documents.

(d) On or about December 15, 2003, Defendants' counsel asserted with considerable logic the relevancy of the requested immigration documents to Ms. Giannakova's claims.[4]

(e) Given the merit of opposing counsel's rationale for pursuing this discovery, undersigned agreed with Defendants, and for all intents and purposes, withdrew the pending objections to Defendants' Second Set of Discovery. Thereafter, undersigned endeavored to obtain for the Defendants the immigration documents requested.

(f) Despite using his best efforts, by mid-January 2004, it was apparent that undersigned was only achieving marginal success in obtaining Ms. All of Giannakova's immigration documents.

(g) As a result of this unplanned and unanticipated delay in obtaining *all* of the documents, Defendants renewed their Motion to Compel production. As a result of this action, on January 25, 2004, a telephonic conference was scheduled with this Court in an attempt to expedite the production of the requested immigration documents.

(h) Moments before the scheduled conference with the Court both counsel negotiated a stipulation to address the issue.

(i) To the extent that both counsel concurred as to the relevancy of Ms. Giannakova's immigration documents to her pending claims, it was agreed that this Plaintiff should be deposed for a second time on February 12, 2004. The scope of the oral examination was limited to her immigration status in the United States.

---

[4] In §III, ¶15 of Plaintiffs' Complaint it is alleged that Marina Giannakova is a lawful resident of the United States and was *constructively discharged* from her employment with the corporate Defendants.

(j) Thereafter, on January 30, 2004, the Defendants in this matter filed a Motion for Summary Judgment as to all Plaintiffs' claims pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

(k) Since all of the Plaintiffs' claims are virtually identical, a significant portion of the Defendants Rule 56(b) motion is directed to Ms. Giannakova's claims.

(l) Pursuant to the stipulation reached between the parties, Marina Giannakova was deposed for a second time on February 12, 2004, and

(m) Upon the completion of Ms. Giannakova's second deposition, undersigned counsel was provided with sufficient reason to seriously contemplate withdrawing his appearance on behalf of this individual and/or file a Rule 41 Voluntary Dismissal With Prejudice, *only as to Ms. Giannakova*.

(n) Notwithstanding the above, on February 23, 2004, undersigned sought the expert advice of independent immigration counsel in Hartford to gain a clearer understanding of the ostensibly problematic testimony given by Ms. Giannakova during her second deposition.[5]

(o) On February 23rd, after spending considerable time with immigration counsel in Hartford, undersigned confirmed to Defendants' counsel via e-mail that a "*withdrawal of action*"[6] would be filed as to Ms. Giannakova's claims. Furthermore, it was also represented that Plaintiffs' response to summary judgment *would only address those claims brought by Twanya Presley and Sofia Tsaharides*.

---

[5] Undersigned counsel does not practice immigration law and has, at best, limited knowledge of this particular concentration of law. However, there is no dispute that specific allegations appear in the Plaintiffs' complaint averring to Marina Giannakova's immigration status. See, §III,¶15 of Plaintiffs' Complaint. Should Defendants' impending Motion for Sanctions be premised, in whole or in part, upon the insertion of this allegation, undersigned will address the facts surrounding his adherence to the mandate of Rule 11(b) upon receipt of Defendants' Motion for Sanctions.

[6] The proper terminology to indicate undersigned's intentions regarding Ms. Giannakova claims would have been to state that a "*dismissal with prejudice*" would be filed with this Court rather than referencing the State Court term "*withdrawal of action*".

(p) Undersigned also represented to opposing counsel that he was in the process of obtaining written confirmation from Ms. Giannakova acknowledging the problematic nature of her testimony as provided at the February 12th deposition.

(q) Later that day, Defendant's counsel thanked undersigned via e-mail for the update on this situation and indicated she would await the "*dismissal with prejudice*".[7] At that time, there was no discussion concerning sanctions.

(r) Notwithstanding the above, on February 25, 2004 undersigned received an e-mail communication from Defendants' counsel indicating that she had not received the dismissal and inquired as to whether it had already been filed with the Court.

(s) For the reasons set forth in Plaintiffs' Second Request for Enlargement of Time dated February 27, 2004, undersigned was unable to meet with Ms. Giannakova until February 26, 2004.

(t) On February 27, 2004, undersigned replied via e-mail to Defendant's counsel that he would fax to her a copy of his *filing* of the *Rule 41 Voluntary Dismissal With Prejudice*. Once again, at that time, no other discussion concerning sanctions or Ms. Giannakova's deposition testimony were discussed between counsel.(A copy of the originally drafted *Rule 41 Voluntary Dismissal With Prejudice* is attached hereto as Exhibit A).

(u) Upon receiving a faxed copy of Ms. Giannakova's *Rule 41 Voluntary Dismissal With Prejudice* Defendants' counsel forwarded an e-mail to undersigned asserting, for the first time, her clients' procedural standing to consent to the dismissal and further indicated that the same would be conditioned upon an impending motion for sanctions

---

[7] Despite undersigned's use of a procedurally inaccurate State Court term, Defendants' counsel's response confirms that she was expecting a Rule 41 Voluntary Dismissal.

(v) After reviewing the representations contained in opposing counsel's e-mail, undersigned immediately pulled the *Rule 41 Voluntary Withdrawal* from the daily mailing and contacted counsel to discuss the matter.

(w) On the afternoon of February 27, 2004, both counsel discussed the issue of sanctions and Attorney Reilly suggested that the Rule 41 Voluntary Dismissal be modified to reflect Defendants' position with regard to the same. Undersigned consented to this suggestion and indicated he would review any modifications and proceed accordingly.[8]

(x) On the afternoon of March 3, 2004, undersigned received Defendants' suggested modifications to the Rule 41 Voluntary Dismissal. (A copy of the modified and proposed Rule 41 Voluntary Dismissal With Prejudice received from Defendants' counsel is attached hereto as **Exhibit B**).

(y) Central to this motion, and of significant concern to undersigned, is the additional language inserted by Defendant's counsel which states:

> The undersigned counsel has consulted with Defendants' counsel who has indicated that Defendants would have no objection to the entry of the dismissal with prejudice after the Court has first ruled on Defendants' Motion for Sanctions, which they intend to file on March 3, 2004.

Federal Rule of Civil Procedure 41 states that an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer *or of a motion for summary judgment*, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action.

There is no dispute that since Defendants' filed a motion for summary judgment on January 30, 2004, Defendants maintain the procedural standing to either consent to Plaintiff's Rule 41 Voluntary Dismissal. However, given the conditional nature of Defendants' consent to the Rule 41 filing, undersigned counsel is now placed in a most precarious position as it relates to responding to the pending Motion for Summary Judgment.

---

[8] During this discussion, undersigned also sought clarification as to whether Defendants would be seeking sanctions against Ms. Giannakova *only* or as against undersigned, as well. A final determination to this question was not provided to undersigned until March 3, 2004.

Since the Defendants are seeking this Court's ruling on Defendants' imminent Motion for Sanctions prior to the voluntary dismissal of Ms. Giannakova's claims, undersigned is presented with irreconcilable conflicts which are in need of immediate resolution by this Court prior to filing Plaintiffs' retort to Defendants' Motion for Summary Judgment. Whether intentional or not, the *condition precedent* attached to Defendants' consent to the Rule 41 filing create the following concerns/issues:

1. Defendants' attaching their consent to the Rule 41 filing to a motion for sanctions clearly preserves the attorney client relationship between Ms. Giannakova and the undersigned *in this action* although a termination of the same is presently being sought by her counsel As a result, a potential conflict of interest now looms for the undersigned as addressed by Rule 1.7 of the Rules of Professional Conduct. *See,* ¶ 7, *infra.*

2. Therefore, until which time the Rule 41 Voluntary Dismissal is effective, undersigned still represents Marina Giannakova in this action. As a result he is ethically bound to continue acting in this individual's best interests to the extent that the Rules of Professional Conduct allow.

3. Rule 1.7 (b) states that "a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, *or by the lawyer's own interests,* unless: (i) the lawyer reasonably believes the representation will not be adversely affected; and (ii) the client consents after consultation. However, Defendants' seeking sanctions against *Ms. Giannakova and/or her counsel* now places undersigned in a formidable conflict with his client.

4. Further complicating undersigned's current position is his concern for Rule 1.16(b) of the Rules of Professional Conduct. This rule states that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client". While there exist specific exceptions to this general rule, to what degree would Plaintiff and/or undersigned be prejudiced if any of these exceptions were invoked by the undersigned during the adjudication of the motion for sanctions? The lack of a clear answer to this query is troubling..

5. To what extent do undersigned's ethical obligations compel him to oppose a motion for sanctions on behalf of a client he no longer believes prudent to represent?

6. To what extent does this entire situation prejudice the two remaining Plaintiffs in opposing summary judgment and beyond? *See, Rule of Professional Conduct 1.7(b)(2).*

7. The pending Motion for Summary Judgment attacks all Plaintiffs' ability to obtain judgment as a matter of law against the Defendants while remaining silent as to the propriety of sanctions[9]. Under this scenario, undersigned is of the opinion that he is technically compelled to oppose summary judgment on behalf Ms. Giannakova due to the conditional nature of Defendants' consent to the Rule 41 Voluntary Dismissal.

8. However, in defending against Defendants' Motion for Summary Judgment *as against Marina Giannakova a good faith belief exists* that undersigned would be engaging in conduct proscribed by Federal Rules of Civil Procedure 11(b) and 56(g).

9. Undersigned specifically sought to file the Rule 41 Voluntary Dismissal prior to responding to Defendants' Motion for Summary Judgment in an effort to preclude filing a response on behalf of Marina Giannakova See, ¶(o), supra.

10. However, the procedural standing Rule 41 grants to the Defendants to dictate the terms of a Voluntary Dismissal relative to this Plaintiffs' claims has now unwittingly produced a myriad of trip wires that will undoubtedly trigger a plethora of conflicts for which undersigned has little or no protection.

Accordingly, for the compelling reasons set forth in this motion, counsel for the Plaintiffs' respectfully requests that he be allowed to refrain from responding to Defendants' Motion for Summary Judgment until which time a disposition is had with respect to the Motion for Sanctions.

Undersigned does not make this motion for the purposes of delay or avoidance. Rather a genuine concern exists with regard to his ethical and professional responsibilities as an advocate and as an officer of this Court.

---

[9] Defendants' Motion for Summary Judgment was filed two (2) weeks prior to Marina Giannakova's problematic deposition on February 12, 2004, and therefore, could not have possibly anticipated or addressed the issue of sanctions.

PLAINTIFFS

BY /s/ John I. Bolton
John I. Bolton, Esq. Ct 08892
E:mail: jbolton@ispwest.com
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200
Bridgeport, CT 06604-3911
Telephone: (203) 362-1955
Facsimile: (203) 362-1954
Their Attorney

## CERTIFICATION

It is hereby certified that a copy of the foregoing was sent via first class United States mail this 5th day of March, 2004 to all counsel of record and pro se parties, as follows:

Patricia E. Reilly
Elizabeth K. Andrews
TYLER COOPER & ALCORN, LLP
205 Church Street
New Haven, CT 06509-1910

/s/ John I. Bolton
John I. Bolton, Esq. ct08892

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TWANYA PRESLEY  : CIVIL ACTION
MARINA GIANNAKOVA  : NO.:3:02CV2157(AVA)
SOFIA TSAHARIDES  :
(Plaintiffs)  :
  :
V.  :
  :
PEPPERIDGE FARMS, INC.  :
a subsidiary of THE CAMPBELL  :
SOUP COMPANY  :
THE CAMPBELL SOUP  :
COMPANY  :
(Defendants)  : FEBRUARY 27, 2004

## MARINA GIANNOKOVA'S VOLUNTARY DISMISSAL
## OF CLAIMS *WITH PREJUDICE*

Pursuant to Fed. R. Civ. P. 41(a)(1), the Plaintiff, Marina Giannakova, only, seeks a voluntary dismissal *with prejudice* of all claims she previously brought against all Defendants in the above captioned action.

Although the Defendants have served upon the Plaintiffs a Motion for Summary Judgment, dated January 20, 2004, undersigned counsel represents that opposing counsel consents to the granting of this voluntary dismissal *with prejudice*.

**WHEREFORE**, Marina Giannakova seeks to have her claims dismissed as to all Defendants in this matter and no longer be considered a Plaintiff in this matter.

PLAINTIFF,
MARINA GIANNAKOVA

BY /s/ John I. Bolton
John I. Bolton, Esq. Ct 08892
E:mail: jbolton@ispwest.com
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200
Bridgeport, CT 06604-3911
Telephone: (203) 362-1955
Facsimile: (203) 362-1954
Her Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TWANYA PRESLEY<br>MARINA GIANNAKOVA<br>SOFIA TSAHARIDES<br>(Plaintiffs) | : CIVIL ACTION<br>: NO.:3:02CV2157(AVA)<br>: |
| V. | : |
| PEPPERIDGE FARMS, INC.<br>a subsidiary of THE CAMPBELL<br>SOUP COMPANY<br>THE CAMPBELL SOUP<br>COMPANY<br>(Defendants) | :<br>:<br>:<br>:<br>: MARCH 3, 2004 |

### MARINA GIANNOKOVA'S MOTION FOR ORDER
### OF VOLUNTARY DISMISSAL
### OF CLAIMS *WITH PREJUDICE*

Pursuant to Fed. R. Civ. P. 41(a)(2), the Plaintiff, Marina Giannokova, only, seeks a voluntary dismissal *with prejudice* of all claims she previously brought against all Defendants in the above captioned action.

The undersigned counsel has consulted with Defendants' counsel who has indicated that Defendants would have no objection to the entry of the dismissal with prejudice after the Court has first ruled on Defendants' Motion for Sanctions, which they intend to file on March 3, 2004.

**WHEREFORE**, Marina Giannakova seeks to have her claims dismissed with prejudice as to all Defendants in this matter and no longer be considered a Plaintiff in this matter.

PLAINTIFF,
MARINA GIANNAKOVA

BY_____
John I. Bolton, Esq. Ct 08892
E:mail: jbolton@ispwest.com
The Bolton Law Firm, P.C.

360 Fairfield Avenue, Suite 200
Bridgeport, CT 06604-3911
Telephone: (203) 362-1955
Facsimile: (203) 362-1954
Her Attorney