25

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAR -5 P 2: 27

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TWANYA PRESLEY, MARINA GIANNAKOVA and SOFIA TSAHARIDES | * * * * | CIVIL ACTION |
| | * | NO: 3:02CV2157(AVC) |
| Plaintiffs, | * * | |
| v. | * * | |
| PEPPERIDGE FARM, INC., a subsidiary | * | |

3:02cv2157 (AVC). August 20, 2004. This is an action for damages and equitable relief alleging gender discrimination in employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, among others. The defendants, Pepperidge Farm, Inc., the Campbell Soup Company, and Robert Arocho, now move for an order of sanctions against the plaintiff Marina Giannakova and her attorney, John Bolton. The defendants maintain that Giannakova falsely represented that she was a legal resident of the United States when, in fact, she was not, foreclosing any award of back pay under Title VII. See Hoffman Plastic Compounds, Inc. V. National Labor Relations Board, 122 S.Ct. 1275, 1283-84 (2002) (undocumented aliens that are not entitled to work in the United States are not entitled to back pay). The defendants seeks sanctions in the amount of $22,441.48 representing costs and legal fees incurred in debunking Giannakova's false claim that she is a lawful resident. The plaintiff did not respond to this motion, but has voluntarily agreed to dismissal of her case. Having reviewed the relevant authority, the court is not persuaded that an award of costs and attorneys fees, in addition to dismissal of this case, is appropriate here. While Giannakova's immigration status forecloses any claim for back pay, her status does not necessarily foreclose other redress under Title VII. Rios v. Enterprise Ass'n Steamfitters Local Union 638, 860 F.2d 1168, 1173 (2d Cir. 1988) (Title VII applies to undocumented workers, at least to the extent that those protections do not conflict with immigration laws). Her costly admission that she is, in fact, not legally entitled to an award of back pay does not mean that her claim was without merit. As such, Giannakova and her counsel, by withdrawing the case, have self-imposed a satisfactory sanction. The motion is therefore DENIED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.