UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TWANYA PRESLEY, MARINA GIANNAKOVA and SOFIA TSAHARIDES | * * * * | CIVIL ACTION<br>NO: 3:02CV2157(AVC) |
| Plaintiffs, | * * | |
| v. | * * | |
| PEPPERIDGE FARM, INC., a subsidiary of THE CAMPBELL SOUP COMPANY, THE CAMPBELL SOUP COMPANY and ROBERT AROCHO, Individually | * * * * * | |
| Defendants. | * | AUGUST 25, 2004 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, Pepperidge Farm, Inc., Campbell Soup Company and Roberto Arocho, submit this Supplemental Memorandum of Law in Support of Defendants' Motion for Summary Judgment, dated January 30, 2004, to discuss the United States Supreme Court's recent decision in Pennsylvania State Police v. Suders, ___ U.S. ___, 124 S.Ct. 2342 (2004), which supports the analysis in Defendants' pending Motion for Summary Judgment. For the reasons set forth below and those set forth in Defendants' Memorandum in Support of their Motion for Summary Judgment, Defendants' Motion should be granted.

In support of Defendants' Motion for Summary Judgment, Defendants have asserted, among other defenses, the affirmative defense set forth in the Supreme Court's Ellerth and Faragher decisions to avoid liability for the Plaintiffs' sexual harassment claims. In so doing,

1

Defendants have pointed out to the Court that the Plaintiffs have suffered no tangible employment action, allowing Defendants to rely upon the Ellerth/Faragher affirmative defense. To the extent that the Plaintiffs allege that they have suffered a tangible employment action by virtue of allegedly being constructively discharged,[1] Defendants cited to Caridad v. Metro-North Commuter Railroad, 191 F.3d 283 (2d Cir. 1999), in which the Second Circuit held that constructive discharge cannot be an adverse employment action under any circumstances. Caridad, 191 F.3d at 294. (See Defendants' Memorandum of Law in Support of their Motion for Summary Judgment at p. 13; Defendants' Reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at pp. 4-5.)

The Supreme Court, in its recent Suders decision, appears to limit the Second Circuit's holding in Caridad. Suders, which dealt with "an employer's liability for one subset of Title VII constructive discharge claims: constructive discharge resulting from sexual harassment, or 'hostile worke environment,' attributable to a supervisor," Suders, 124 S. Ct. at 2352, held that a hostile work enviornment constructive discharge may constitute an adverse employment action under certain limited conditions. Id. at 2355. However, those conditions are not satisfied in this case.

In Suders, the Supreme Court held that where the hostile work environment was not created by "employer-sanctioned adverse action officially changing [an employee's] employment status or situation," the affirmative defense is available to the employer. Id. at 2347. The Court further defined the circumstances under which the employer is afforded the affirmative defense in such cases:

> Like the harassment considered in our pathmarking decision, harassment so

---

[1] Only one of the two remaining plaintiffs in this case, Twanya Presley, still alleges she was constructively discharged.

> intolerable as to cause a resignation may be effected through co-worker conduct, unofficial supervisory conduct, or official company acts. **Unlike an actual termination, which is *always* effected through an official act of the company, a constructive discharge need not be.**
>
> \*   \*   \*
>
> **[W]hen an official act does not underlie the constructive discharge, the *Ellerth* and *Faragher* analysis, we here hold, calls for extension of the affirmative defense to the employer.** As those leading decisions indicate, official directions and declarations are the acts most likely to be brought home to the employer, the measures over which the employer can exercise greatest control. See *Ellerth*, 524 U.S., at 762, 118 S.Ct. 2257. Absent "an official act of the enterprise," *ibid.*, as the last straw, the employer ordinarily would have no particular reason to suspect that a resignation is not the typical kind daily occurring in the work force. And as *Ellerth* and *Faragher* further point out, an official act reflected in company records--a demotion or a reduction in compensation, for example--shows "beyond question" that the supervisor has used his managerial or controlling position to the employee's disadvantage. See *Ellerth*, 524 U.S., at 760, 118 S.Ct. 2257. Absent such an official act, the extent to which the supervisor's misconduct has been aided by the agency relation, as we earlier recounted, see *supra*, at 2353, is less certain. **That uncertainty, our precedent establishes, see *supra*, at 2353, justifies affording the employer the chance to establish, through the *Ellerth/Faragher* affirmative defense, that it should not be held vicariously liable.**

Id. at 2355 (emphasis added).

Thus, a constructive discharge allegation does not preclude an employer from availing itself of the Ellerth/Faragher affirmative defense against a plaintiff's hostile work environment constructive discharge claim where, as in the pending case, there is no "official act" underlying the constructive discharge claim.

The allegations which form the basis of Plaintiff Presley's constructive discharge claim are articulated in detail in Defendants' original memorandum of law and will, therefore, not be recited at length herein. In short, however, the Plaintiffs allege that their supervisor, Mr. Arocho, engaged in certain conduct that created a hostile work environment for them. Plaintiff Presley alleges that this hostile work environment forced her to resign and constitutes constructive

3

discharge.[2]  **However, Mr. Arocho's allegedly harassing conduct at issue here involved no official action.**  In fact, the comments he allegedly made to the Plaintiffs and the one instance where he allegedly is to have brushed agaisnt Plaintiff Tsaharides' leg were "exceedingly unofficial and involved no direct exercise of company authority." Suders, 124 S.Ct. at 2356 (quoting Reed v. MBNA Marketing Systems, Inc., 333 F.3d 27, 33 (1st Cir. 2003)).

Therefore, notwithstanding the Supreme Court's implicit limitation of the Second Circuit's holding in Caridad that constructive discharge is never an adverse employment action under any circumstances, the Suders holding supports Defendants' position, articulated in their Memorandum of Law, that they are – under the undisputed facts of this case – able to assert the Ellerth/Faragher affirmative defense to avoid liability on the Plaintiffs' hostile work environment claims.

---

[2]  Defendants still content that Plaintiff Presley has failed to establish any of the elements of a constructive discharge claim. See Defendants' Reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at p. 4 n.2. Suders supports that argument. The Court in Suders held that a plaintiff alleging constructive discharge must show something more than offending behavior "sufficiently severe or persuasive to alter the conditions of the victim's employment and create an abusive environment." Suders, 124 S. Ct. at 2354 (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)). Rather, the plaintiff must prove "working conditions so intolerable that a reasonable person would have felt compelled to resign." Id. at 2354. The plaintiff must show that the abusive "working environment became so intolerable that her resignation qualified as a fitting response." Id. at 2347. The Court gave as examples of such conditions a "humiliating demotion, extreme cut in pay, or transfer to a position in which the employee would face unbearable working conditions." Id. No such conduct is even alleged in the instant case.

Therefore, Defendants respectfully request that their Motion for Summary Judgment be granted as to all counts of the Plaintiffs' Complaint.

THE DEFENDANTS,

PEPPERIDGE FARM, INC., A SUBSIDIARY OF CAMPBELL SOUP COMPANY, CAMPBELL SOUP COMPANY AND ROBERTO AROCHO, INDIVIDUALLY

By: *[signature]*
Patricia E. Reilly ct08352
TYLER COOPER & ALCORN, LLP
205 Church Street
New Haven, Connecticut 06509-1910
Phone: (203)-784-8233
Fax:    (203) 865-7865
E-mail: reilly@tylercooper.com

-- Their Attorneys --

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via first class mail, postage prepaid to all counsel and pro se parties of record as follows:

John I. Bolton, Esquire
The Bolton Law Firm
360 Fairfield Avenue, Suite 200
Bridgeport, Connecticut 06604

on this 25th day of August 2004.

_____
Patricia E. Reilly ct08352