**GENDER BASED DISCRIMINATION**

1.      The plaintiff in this case is also bringing claims that she was discriminated against because of her gender.  The law under which plaintiff brings these claims is often referred to as "Title VII."  Title VII prohibits employers from "discriminating against any individual with respect to [her] compensation, terms, conditions or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1).  Under our law, the phrase "terms, conditions or privileges of employment" includes the definition of a hostile work environment, as I have described that to you, and in fact, the plaintiff's claims of gender discrimination are based on the same facts as her hostile work environment claim.  Harris v. Forklift Systems, 510 U.S. 17, 21 (1993).  Therefore, to prove that a hostile work environment resulted in sex discrimination, the plaintiff must prove, (1) that the alleged conduct does, in fact, amount to a hostile work environment, and (2) that the alleged conduct created such an environment because of plaintiff's sex. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).


2.      I have already explained to you that in order to find for the plaintiff on her hostile work environment claim, the plaintiff must prove that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered.  To prove that her workplace situation was discriminatory under a hostile work environment theory, plaintiff must also prove that the conduct at issue could reasonably be interpreted as having taken place because of her sex.  Id.

8

3.    An individual supervisor may not be held liable for gender-based discrimination under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995), *abrogated on other grounds by* Ellerth, 524 U.S. 724.   For liability to attach under Title VII, the employer must also be responsible for the conduct at issue. Gregory, 243 F.3d at 692, n. 3. Therefore, because plaintiff's allegations of gender discrimination are based upon identical conduct as her claim for hostile work environment, the same standards of liability will apply.  In other words, Campbell Soup/Pepperidge Farms cannot escape liability for Mr. Arocho's alleged conduct in this case if you find that Campbell Soup/Pepperidge Farms did not have an effective policy and complaint procedure in place, that the investigation undertaken by Campbell Soup/Pepperidge was in any way flawed and that the Plaintiff cooperated with during the course of the investigation. Ellerth, 524 U.S. at 765. Moreover, Campbell Soup/Pepperidge Farm cannot escape liability for Mr. Arocho's alleged conduct in this case if you find that show that the company's response was inadequate – such as a supervisor's failure to report incidents of unseemly conduct to his superiors. Distacio v. Perkin Elmer Corp., 157 F.3d 55, 64-65 (2d Cir. 1998).

## DAMAGES -GENERAL DAMAGES

1.  It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the Plaintiff on her two (2) claims, you must then determine her damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money, which will

reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

a.    The nature and extent of the injuries suffered by the plaintiff;

b.    The reasonable value of wages, benefits or earnings lost to the present time;

c.    The reasonable value of wages, benefits or earnings lost which with reasonable probability will be lost in the future. <u>Ninth Circuit Model Civil Jury Instructions</u>.

2.    The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar. <u>Hashimoto v. Dalton</u>, 118 F.3d 671, 675-76 (9th Cir. 1997).

## DAMAGES - CAUSATION

You may award damages only for those injuries, which you find the plaintiff has proven by a fair preponderance of the evidence to be the direct result of conduct by the defendants in violation of Title VII. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants discriminated against the plaintiff, you must ask whether the plaintiff has proven by a preponderance of the evidence that the discrimination caused the damages that she claims to have suffered. It is important to remember that it is the plaintiff's burden to prove, first, that she is entitled to damages, and second, the amount of such damages.

## BACK PAY DAMAGES

1.    If you find that the plaintiff was subject to a hostile work environment and/or gender discrimination by the defendants, then you must go on to determine the amount of damages she has sustained as a result. You should bear in mind that the plaintiff has the burden of proving by a preponderance of the evidence both that she was damaged and the extent of those damages.

2.    Back Pay is an equitable remedy that includes monetary benefits and all forms of compensation, reflecting fluctuations in working time, overtime, rates, penalty overtime, Sunday premium and night work, changing rates of pay, transfers, promotions, and privileges of employment. Cass v. Department of Veterans Affairs, EEOC Petition No. 04A10014 (March 14, 2002). Back pay awards may include lost wages, pension benefits, insurance benefits, profit sharing, and other benefits that the employee would have earned "but for" the discrimination. The claimant is obligated to mitigate damages.

3.    It is the defendant's burden to establish that the plaintiff failed to mitigate her damages in order to limit successfully a plaintiff's back pay award. Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1105 (8th Cir. 1996). To cut off a back pay award, defendants must prove that the plaintiff did not exercise "reasonable" diligence in seeking employment substantially equivalent to the position she lost. Id.

4.    You may limit the plaintiff's back pay award if you find that there were subsequent events that occurred that limit back pay damages beyond that event. Hertzberg v. SRAM Corp., 261 F.3d 651, 660 n.8 (7th Cir. 2001).

**COMPENSATORY DAMAGES**

1.     Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

a.     The physical and mental/emotional that Plaintiff has experienced and is reasonably certain to experience in the future. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

b.     Any expenses, other than lost pay, that Plaintiff reasonably incurred or will incur in the future, as a direct result of the Defendant's discriminatory conduct.  Ninth Circuit Model Civil Jury Instructions.

2.     If the plaintiff has proven by a preponderance of the evidence that the defendants' conduct caused her injuries or losses, then, and only then, is the plaintiff entitled to receive fair, just and reasonable compensation for her injuries and losses. Under this rule, compensatory damages could include amounts for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life. 42 U.S.C. §1981a(b).

**PUNITIVE DAMAGES**

1.     Title VII provides that a plaintiff may recover punitive damages where the plaintiff demonstrates that the defendant "engaged in a discriminatory practice with

malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). In order to establish malice or reckless indifference, a plaintiff need not show that the defendant committed egregious or outrageous acts. Rather, Ms. Presley need only demonstrate that Campbell Soups/Pepperidge Farm had the "requisite state of mind" of malice or reckless indifference. Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 538 (1999); Luciano v. Olsten Corp., 110 F.3d 210, 219-20 (2d Cir. 1997).

2.    Specifically, a plaintiff seeking to establish this must demonstrate that the employer at least discriminated in the face of a perceived risk that its actions would violate federal law." Kolstad, at 536. 1981a(b)(3)(B).

3.    In Title VII cases, you the jury do not need to make an award of actual or nominal damages in order to award of punitive damages. Cush-Crawford v. Adchem Corp., 271 F.3d 352 (2d Cir. 2001).

4.    The plaintiff presented evidence that she was the victim of egregious sexual harassment by a supervisor and that company officials knew about the harassment yet it was not reported per Campbell Soups/Pepperidge Farm's anti-harassment policy.  Nonetheless, our laws state that in order for you to award punitive damages, you do not have to simply rely on a finding of liability. Kolstad at 536.

5.    To make a finding to award Ms. Presley punitive damages, you must find that Campbell Soups/Pepperidge Farm acted with malice and a reckless indifference in that they had knowledge that they may be acting in violation of federal law, not its awareness that it was engaging in discrimination. Id.

## MITIGATION OF DAMAGES

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

1.    That the plaintiff failed to use reasonable efforts to mitigate damages; and,

2.    The amount by which damages would have been mitigated.  Ninth Circuit Model Civil Jury Instructions.

3.    In short, you cannot compensate the plaintiff for any portion of her damages that resulted from her failure to make reasonable efforts to reduce her own damages.  Federal Jury Practice and Instructions § 105.41 (1987 & Supp. 1993).

## SYMPATHY

It is your duty to try this case and arrive at a decision on the evidence and the law.  Sympathy has no place in this case, and you should definitely avoid any consideration of sympathy.  By this, I mean you should put out of your mind any sympathy you might have for the plaintiff because of her circumstances.  The rights of the defendants are to be safeguarded as well as those of the plaintiff.

## BURDEN OF PROOF

1.    It is the duty of the plaintiff to prove her claims by a fair preponderance of the evidence; that is, when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true. The plaintiff must prove these claims by the better or weightier evidence.  If the plaintiff fails in this duty, then her claims are not proven by a fair preponderance of the evidence.  If you find that the evidence offered in this case is evenly balanced as to any of the plaintiff's claims, it

14

means that plaintiff has not met her burden of proof and you must find for the defendants on that claim. Ninth Circuit Model Civil Jury Instructions.

2.    You should base your decision on all of the evidence, regardless of which party presented it. Id.

3.    In addition to the above, thereafter, if the Plaintiff is able to show that her gender played a motivating part in an employment decision, such as not being hired for a job within the Defendants' company, Campbell Soup/Pepperidge Farm may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed gender to play such a role. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

4.    On the plaintiff's claims, if you find that each of the elements on which she has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim. Ninth Circuit Model Civil Jury Instructions. Our laws state that when an employer allows gender to affect its decision-making process, then it must carry the burden of justifying its ultimate decision. Id.

5.    You have also been told that the plaintiff must demonstrate that she has to present evidence to successfully establish her claims of gender discrimination and a hostile workplace environment. Likewise, Campbell Soup/Pepperidge Farms also has a duty to demonstrate that it **(a)** exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and **(b)** that the plaintiff unreasonably failed

to take advantage of any preventive or corrective opportunities provided by Campbell Soup/Pepperidge Farms or to avoid harm otherwise. Ellerth, at 765.

## NO SPECULATION

You are not to speculate or guess as to the extent of plaintiff's damages. Damages can only be awarded for those injuries which the plaintiff has proved, by a fair preponderance of the evidence and with a reasonable probability, actually resulted from the proven conduct, if any, of the defendants. In determining whether plaintiff has proven her hostile work environment or gender discrimination claims, or whether the defendants have met their burdens of proof to escape liability, you cannot speculate or guess. Speculation does not take the place of a fair preponderance of the evidence. Possibilities are not evidence. Wright & Ankerman, Connecticut Jury Instructions, (4th Ed.) Vol. I, §222(g)(1993).

## WEIGHING CREDIBILITY AND THE EVIDENCE

1.      One of your duties as jurors is to weigh the credibility of the various witnesses. You have the right to believe or disbelieve part or all of the testimony of each witness. In making that determination, you should keep several things in mind. You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness. In evaluating the testimony of any witness, including any party to the case,] you may consider, among other things:

                a. The ability and opportunity the witness had to see, hear, or know the
                b. Things that the witness testified about;
                c. The witness's memory;

16

d. Any interest, bias, or prejudice the witness may have;

e. The witness's intelligence;

f. The manner of the witness while testifying; and

g. The reasonableness of the witness's testimony in light of all the evidence in the case.  Ninth Circuit Model Civil Jury Instructions.

2.    In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it. You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.  Id.

3.    You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of something. Circumstantial evidence is proof of a fact, or a series of facts, which tend to show whether something is true. The law makes no distinction between the weights to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence. Id.

4.    You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. Id.

## DELIBERATIONS

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine you own views, and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges-- judges of the facts. Your sole interest is to seek the truth from the evidence in the case. You all took an oath when this case started that you would - without any fear or favor to any party to this lawsuit- consciously and truthfully try the issues before you according to the evidence as you determine it to be here in open court and I have no doubt that you will discharge your responsibility carefully and conscientiously. Devitt , Blackmar and Wolff, Federal Jury Practice and Instructions, §74.01 (4th Ed. 1987).

THE PLAINTIFF

TWANYA PRESLEY

BY:

John I. Bolton **ct08892**
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200
Bridgeport, CT 06604
Telephone: (203) 362-1955
Facsimile: (203) 362-1954
E-mail: jbolton@ispwest.com
Her Attorney

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was sent via first class United States mail this **26th day of April, 2005** to all counsel of record and pro se parties, as follows:

Patricia E. Reilly
Elizabeth K. Andrews
TYLER COOPER & ALCORN, LLP
205 Church Street
New Haven, CT 06509-1910

John I. Bolton **ct08892**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*

| | | |
|---|---|---|
| | \* | |
| TWANYA PRESLEY, MARINA | \* | CIVIL ACTION |
| GIANNAKOVA and SOFIA | \* | |
| TSAHARIDES | \* | NO: 3:02CV2157(AVC) |
| | \* | |
| Plaintiffs, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| PEPPERIDGE FARMS, INC., a subsidiary | \* | |
| of THE CAMPBELL SOUP COMPANY, | \* | |
| THE CAMPBELL SOUP COMPANY and | \* | |
| ROBERT AROCHO, Individually | \* | |
| | \* | |
| Defendants. | \* | April 26, 2005 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S  PROPOSED VOIR DIRE QUESTIONS

The Plaintiff, Twanya Presley, requests that the following voir dire questions be asked of the prospective jurors in addition to any standard questions asked by the Court.

1.    Did any members of the jury panel know one another before assembling for this jury panel?  If so, in what way?

2.    Have you ever served previously as a member of a trial jury? If so, when and in which court?

     a.    Was it on a civil or criminal case?

     b.    Were you allowed to reach a verdict?

     c.    What was the outcome of the trial?

3.    Have you ever served as a foreperson on a jury?

4.    Was there anything about your experience on a jury that would make it difficult for you to sit on this jury?

5.    Other than brand identity, do you know any of the corporate defendants, Pepperidge Farm, Inc. and/or, The Campbell Soup Company? Do you know Roberto Arocho?

6.    Do you know the lawyers for the defendants, Patricia Reilly and Elizabeth K. Andrews or the Law Firm of Tyler, Cooper & Alcorn, LLC?

7.    Do you know the plaintiff in this case, Twanya Presley?

8.    Do you know the lawyer for the plaintiff, John I. Bolton of Bridgeport, Connecticut or any person employed by The Bolton Law Firm, P.C.?

9.    Do you know any of the following persons:

| | |
|---|---|
| **Paul Macionous** | **Roberto Arocho** |
| **Martin Chazin** | **Maritza Sanchez-Allende** |
| **Benjamin Bracetty** | **Helen Samlides** |
| **Marina Giannakova** | **Juan Martinez** |
| **Sophia Tsaharides** | **Pat Presley** |
| **Wayne Laraway** | **Terry Kydes** |

10.    This is a case filed by the plaintiff claiming that all of the defendants discriminated against her on the basis of sex in connection with her employment at Pepperidge Farms, Inc. – a subsidiary of The Campbell Soup Company - which was previously located in Norwalk, Connecticut and recently re-located to Bloomfield,

2

Connecticut. Specifically, this case revolves around allegations of sexual harassment in the work place which under Title 7 of the Civil Rights Act of 1964, a law passed by the United States Congress and signed by the President that prohibits an employer from discriminating against an employee out of circumstances relating to sex discrimination and subsequent complaints of the same. Have you heard of similar cases before?

11.    Have you formed an opinion about such cases? If so, what is that opinion?

12.    This case concerns events, which occurred in Norwalk, Connecticut at the Pepperidge Farms bakery in September of 2001. Have you heard anything about this case before today? If so, how did you hear about it?

      a.    Did you form any opinion about this case?

13.    If the answer to No. 12 is in the affirmative, do you believe that your ability to serve impartially as a juror in this case has been affected by what you have heard or read about this case?

14.    Do you hold any opinions or views of complainants of sexual harassment or employers defending these kinds of claims -- that might interfere with your ability to serve as an impartial juror in this case?

15.    Have you ever been accused of sexual harassment in the work place or made a claim that you suffered from such conduct? If so, please tell us about it.

16.    Have you, any member or your family, or any close friend ever been a manager in your employment that included supervising employees? If so, please tell us about it.

17.    Has any member of your family been accused of discrimination in the work place? If so, please tell us about it.

3

18.     Have you or any member of your family or any close friend been employed in a management capacity in which allegations of sexual harassment or any other type of discrimination were made at the work place. If so, please tell us about it.

19.     If you are or were an employer, *do you/did you/ would you* have any problem with laws such as the Civil Rights Act of 1964-more specifically an act that prohibits discrimination on the basis of sex?

20.     If you were an employer responsible for investigating claims of sexual harassment, would you have a problem with laws such as Title 7 of the Civil Rights Act of 1964 that prohibits an employer from discriminating against an employee who makes complaints of sexual harassment at the work place?

21.     Twanya Presley is asserting the claim of sex discrimination arising out of multiple incidents of sexual harassment. How would you feel if a close friend or relative made a complaint of sexual harassment at the work place?

22.     Do you hold any view or opinion about sexual harassment claims or sex discrimination claims that might interfere with your ability to serve as an impartial jury in a case alleging the same?

23.     Have you, a close friend or relative, ever been charged with discriminatory conduct in any court or government agency for allegations similar to the ones in this case? If so, when, where, what was the charge, and what was the outcome?

24.     Have you recently been an employee of any company that has been charged or been the subject of allegation of discriminatory conduct in any court or government

4

agency? If so, would anything about that experience affect your ability to be a fair and impartial juror in a case involving claims of employment related discrimination?

25.    Do you believe that you have ever been the victim of discrimination on the basis of sex? If so, please describe the circumstances:

    a.    Did you file a complaint with any government agency about the discrimination? If so, what was the result?

    b.    Would anything about that experience affect your ability to be a fair and impartial juror in a case involving claims of sex discrimination?

26.    Do you think that Federal and/or State employment laws have gone too far in attempting to protect the rights of employees who allege sex discrimination in the work place?

27.    Do you believe that employees, specifically females, complain too much about sex discrimination in the work place?

28.    Are you opposed to laws that require employers to take affirmative steps to warn about, protect against and ultimately investigate employee complaints of sex discrimination?

29.    Do you think that discrimination on the basis of sex, in regard to employment matters or other matters, goes on either in the state of Connecticut or anywhere in the United States?

30.    Do you think that some people use the claim of employment discrimination claims as an excuse for their own shortcomings or deficiencies as an employee?

31.    What social, civic, fraternal, or political organizations are you a member of? Have you, or a close friend or relative, ever belonged to a social, civic, political, or fraternal organization or club that restricts membership on the basis of sex?

32.    Do you regularly listen to any radio talk program? If so, who is the host of that program?

33.    To admit to having some sympathy for the defendants, or the person who is claiming that she has been a victim of unlawful discrimination is nothing to be ashamed of and does not reflect badly on you as a person. However, all parties in this case are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court and the Court's instructions on the law. The jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, do any of you know of any reason why you would be unable to give any party in this case a fair trial based solely on the evidence admitted at trial and the instructions given by the Court?

34.    Name and address.

    a.    Who lives with you?

    b.    Marital status?

    c.    Children?

35.    Would serving on this jury be a hardship for you in any way?

36.    Occupation/basic description of job.

    a.    If retired, former occupation;

    b.    Education;

6

    c.     Same for family members.

37.    Have you or anyone close to you ever worked for:

    a.     Campbell Soup Company;

    b.     Pepperidge Farm;

    c.     Godiva Chocolatier, Inc.

    d.     Any other related company?

38.    Have you ever been involved in a lawsuit?

    a.     As a plaintiff, defendant, or witness?

    b.     Nature of the case

    c.     Did you win or lose?

    d.     How did that experience make you feel?

39.    If you have had prior jury experience or involved in a lawsuit, anything in that prior experience have an affect on your ability to decide this case in a fair an impartial manner?

40.    Have you or anyone you know ever been treated unfairly by an employer?

41.    Have you or anyone you know complained about unfair treatment at work?

42.    Have you, a family member, or close friend ever felt that you did not get a promotion because of discrimination? Explain.  Effect?

43.    Has anyone ever made any type of legal claim against you, one of your family members, or one of your close friends?

44.    Does your employer have a policy regarding sexual harassment?

45.    Have you ever received sexual harassment training?

46.     Do you think that employees have an obligation to complain to their employers about sexual harassment or discrimination?

47.     Do you think an employer is obligated to investigate complaints of sexual harassment or misconduct by its employees?

48.     Do you think an employer has a right or an obligation to terminate an employee who has engaged in sexual harassment?

49.     Do you think you can hold off deciding this case until you have heard all of the evidence and have waited until the defendants have presented their case in this matter?

50.     You will be instructed on the law in this case by the Judge.  But if you disagree with how the law is applied or what the law is, will you be able to put aside your own personal feelings and follow the judge's instructions and follow the law?

51.     Is there any other reason that has not been specifically asked which would cause you to believe you could not serve as a fair and impartial juror in this particular case?

52.     Do you understand that none of the questions posed by either Plaintiff's or Defendants' counsel is instruction on how the law is applied in cases like this? In other words, if either counsel suggests within these initial interview questions that a party has the burden of proof, or must prove certain facts, or that you cannot award money under circumstances, do you understand that only the Judge can tell you things like this?

THE PLAINTIFF

TWANYA PRESLEY

BY: _____

John I. Bolton ct 08892
The Bolton Law Firm, P.C.
360 Fairfield Avenue, Suite 200
Bridgeport, CT 06604
Telephone: (203) 362-1955
Facsimile: (203) 362-1954
E-mail: jbolton@ispwest.com
Her Attorney


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was sent via first class United States mail this 26th day of April, 2005 to all counsel of record and pro se parties, as follows:

Patricia E. Reilly
Elizabeth K. Andrews
TYLER COOPER & ALCORN, LLP
205 Church Street
New Haven, CT 06509-1910


_____

John I. Bolton **ct08892**

9